John A. AXELSEN

v.

**S. D. WARREN, DIVISION OF SCOTT PAPER COMPANY (self-insurer as of January 1, 1976) and S. D. Warren, Division of Scott Paper Company and Employers Insurance of Wausau.**

Supreme Judicial Court of Maine.

Argued Sept. 3, 1980.

Decided Dec. 22, 1980.

McTeague, Higbee & Tierney, Patrick N. McTeague (orally), Brunswick, for plaintiff.

Richardson, Tyler & Troubh, Robert L. Hazard, Jr. (orally), Ronald D. Russell, Robert E. Noonan, Portland, for defendant.

Robinson & Kriger, Roland Beaudoin (orally), Sarah Allison Thornton, Portland, for Employers Ins. of Wausau.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

WERNICK, Justice.

John A. Axelsen, who was employed as a worker by S. D. Warren, Division of Scott Paper Company (S. D. Warren), has appealed from a pro forma judgment of the Superior Court (Cumberland County) affirming a decision of the Workers' Compensation Commission. The Commission had denied the worker's Petition for Award of Compensation, deciding that the worker had failed to meet his ultimate burden of proving the existence of work-related circumstances entitling him to an award of compensation.

We deny the appeal and affirm the judgment.

In 1941, while in the employ of S. D. Warren, the worker had sustained a work-related injury to his left foot for which he was paid worker's compensation until he ultimately returned to work at the mill. Some of the injured area of the foot remained unhealed, however, and in 1953 the worker underwent a skin graft to cover it. Thereafter, until 1971, the worker experienced no further difficulties with his left foot that are of consequence in this case.

Commencing in 1971, after S. D. Warren had required the worker Axelsen as well as various other employees to wear heavy steel-toed boots, the worker observed symptoms of irritation in his left foot. Later, when he was transferred to another job at S. D. Warren which involved more walking and climbing, the worker noticed that the irritation of his left foot had become more severe.

In August, 1976, a plastic surgeon diagnosed the condition in the worker's left foot as a cancerous degeneration of scar tissue, and he recommended additional surgery. The worker ceased working on October 29, 1976 and submitted to the recommended surgery.

On November 22, 1976, seeking to recover worker's compensation for the incapacity resulting from the surgery, the worker filed the instant Petition for Award of Compensation. The worker's theory in filing for an award of compensation is as follows. He acknowledges that his claim to be entitled to an award of compensation does not involve any new injury independent of his prior work-related injury sustained in 1941 but, rather, is based on the subsequent aggravation of a condition persisting from that 1941 injury. However, the worker says, because the subsequent aggravating circumstances were themselves work-related, he is entitled to an *award* of compensation by reason of their occurrence and the incapacity to work that followed upon them.

■ Usually, a worker who claims entitlement to compensation because of the subsequent aggravation of a prior work-related injury asserts that claim by filing a Petition for *Further* Compensation. In that context, the worker's entitlement to compensation does not depend on the work-relatedness of the subsequent conditions aggravating the prior work-related injury. Hence, the worker need not assume the ultimate burden of proving by a preponderance of evidence the work-relatedness of the aggravating conditions, a burden the worker would have to assume were he claiming a new work-related injury as the basis for filing a Petition for *Award* of Compensation.

In the present instance, as we have explained, the worker has made a deliberate choice to file a Petition for *Award* of Compensation rather than a Petition for *Further* Compensation, thereby to assume, as he expressly recognizes, the ultimate burden of proving that the subsequently aggravating conditions were work-related. The reason the worker has made this choice is that he knew that either the number of weeks he had been paid for incapacity for his 1941 injury, or the maximum time limitation relating to the filing of a Petition for Further Compensation sustainable without need to prove the work-relatedness of subsequent aggravating conditions, or both, would surely bar the successful maintenance of a Petition for Further Compensation. (39 M.R.S.A. § 95) In short, the worker's position, now, is that by alleging and proving under a Petition for Award of

Compensation the work-relatedness of the aggravating conditions that arose after the expiration of the statutory time-limits, he avoids the bar imposed by those time-limits.

■ The Commission found it unnecessary to decide the correctness of this ultimate position of the worker regarding avoidance of the bar resulting from expiration of the statutory time-limits applicable to the 1941 injury, because the Commission concluded that the worker had not satisfied the threshold predicate of his position. The Commission decided that the worker had failed to meet his ultimate burden of proving by a preponderance of evidence that the subsequently arising conditions of aggravation were *work-related*.

More particularly, the Commission found that "irritation of the scar tissue on the [worker's] left foot caused severe cornification requiring another skin graft in 1977." Then, specifically accepting at face value the statements of the expert witness, Dr. Jean J. Labelle, the Commission concluded: "the source of this irritation and cornification was speculative; such irritation is caused with normal everyday use of the foot."

We interpret this language of the Commission to signify that the Commission decided the worker had failed to meet the ultimate burden of proof resting on him to show that it was more probable than not that special work-related conditions, rather than the worker's routine use of the foot as occurring whether or not the worker was engaged in performing his job, had caused the incapacity at issue.

We conclude, from our examination of the entirety of the evidence, that it was rationally open to the Commission to reach the conclusion it did.

The evidence consisted of the testimony of the worker and the deposition of the expert witness, Dr. Labelle. Dr. Labelle stated that the worker's now existing condition resulted from the passage of time in combination with the original injury and that, further, it could not be said that the heavy work shoes had causal relation to the present condition of the worker's left foot. Expert evidence is thus lacking to show that it was more probable than not that *work-related* circumstances, newly arising, had causally contributed to the worker's incapacity here at issue.[1] Hence, we cannot say that it was requisite *as a matter of law* that the Commission reach such a conclusion solely because of testimony by the worker that he had observed the irritation of his foot occurring at about the same time he was required to wear the heavy boots at work, and increasing as his job demanded more walking and climbing.

The entry shall be:

Appeal denied; pro forma judgment of the Superior Court affirmed.

Further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550.00 together with his reasonable out-of-pocket expenses for this appeal.

All concurring.

---

1. We must reject the worker's contention that since the Commission did not hear live medical testimony but received the medical evidence in deposition form, this Court should make its own finding regarding the medical evidence, uninfluenced by the findings of the Commission. *Dunton v. Eastern Fine Paper et al.*, Me., 423 A.2d 512 (1980).