Elizabeth PARLIN

v.

G. H. BASS & CO.

and

Liberty Mutual Insurance Company.

Elizabeth PARLIN

v.

BENNETT IMPORTING CO.

and

American Motorists Insurance Co.

Supreme Judicial Court of Maine.

Argued Nov. 12, 1980.
Decided Dec. 23, 1980.

Cloutier, Joyce, Dumas & David, Patrick E. Joyce, Livermore Falls (orally), for plaintiff.

Norman & Hanson, Theodore H. Kirchner (orally), John M. Wallach, Portland, for G. H. Bass & Liberty Mut.

Richardson, Tyler & Troubh, Robert L. Hazard (orally), Ronald D. Russell, Portland, for Bennett Importing Co. and American Motorists Insur. Co.

Before McKUSICK, C. J., and WERNICK, GODFREY, GLASSMAN, ROBERTS and CARTER, JJ.

McKUSICK, Chief Justice.

These two workers' compensation cases involving a work disability commencing on March 7, 1978, have been briefed and heard together on appeal to the Law Court.[1] In her petition initiating the first case, the employee, Elizabeth Parlin, who had previously worked at the shoe factory in Farmington operated by Bennett Importing Company and who had been paid total compensation for a work-related injury sustained there in 1976, sought from Bennett and its insurer further compensation when on March 7, 1978, she found herself unable to continue in her job at the shoe factory in Wilton of G. H. Bass & Co. In her petition commencing the second case, filed 10 months later, Mrs. Parlin sought an original award of compensation for the same work disability against Bass and its insurer.

In an initial decision dated October 4, 1979, the commissioner found Mrs. Parlin was totally disabled from March 7, 1978, and ordered Bennett and Bass to share equally the responsibility for paying total compensation to her for an indefinite period. On the employers' motions for further findings, the commissioner on December 4, 1979, changed his findings, first, to state that "[t]here is no competent evidence in

---

1. The two separate petitions against Bennett and Bass were also heard jointly before the Workers' Compensation Commission. The resulting procedural difficulties discussed in this opinion illustrate dramatically the necessity of always remembering that hearing two cases jointly does not alone consolidate them into a single case. *Cf.* M.R.Civ.P. 42(a); 1 Field, McKusick & Wroth, *Maine Civil Practice* § 42.3 (2d ed. 1970).

the record to establish a causal relationship between Elizabeth Parlin's employment at Bennett . . . and her disability commencing on March 7, 1978," and, second, to limit Mrs. Parlin's compensation to total compensation for the period of March 7 through June 30, 1978, and to 50% compensation for six weeks thereafter. In that decision of December 4, 1979, the commissioner ordered Bass alone to pay Mrs. Parlin the compensation as so determined, but did not make any express disposition of Mrs. Parlin's petition seeking further compensation from Bennett.

◼ Bass presented to the Superior Court[2] a *pro forma* decree that merely tracked the Workers' Compensation Commission's decree in ordering Bass to pay compensation to Mrs. Parlin. That *pro forma* decree, entered on January 22, 1980, was captioned only for the workers' compensation case against Bass and its insurer, and did not in any way purport to relate to Mrs. Parlin's separate petition for further compensation against Bennett and its insurer. Bass's appeal from that *pro forma* decree thus raises before this court only that employer's attack on the legal correctness of the commissioner's ruling against it and in favor of Mrs. Parlin.

◼ Mrs. Parlin separately proposed a *pro forma* decree to the Superior Court; that decree merely ordered Bass to pay

compensation to Mrs. Parlin, without any reference to her petition for further compensation against Bennett and its insurer.[3] The Superior Court entered Mrs. Parlin's *pro forma* decree on January 24, 1980, and she timely appealed therefrom. By her appeal she is thus able to assert only her objection to the limitations of time and amount that the commissioner placed upon Bass's obligation to pay compensation to her.[4] She cannot contest the correctness of the commissioner's finding of no causal relationship between her 1978 work disability and her 1976 job at Bennett. She cannot appeal from a mere finding. The Workers' Compensation Commission has yet to enter a decree that expressly and finally adjudicates her petition for further compensation against Bennett. *See Wilcox v. Stauffer Chemical Corp.*, Me., 423 A.2d 241 (1980). Mrs. Parlin's attempted appeal against Bennett and its insurer is premature.

Turning now to Bass's appeal, we find that we must reverse the commissioner's decree awarding Mrs. Parlin compensation against it and its insurer. On this record we conclude, as a matter of law, that Bass is not responsible for paying compensation to Mrs. Parlin, but rather that her disability in 1978 was a mere recurrence of her prior injury suffered on the job at Bennett. The commissioner's factual findings leading him to the opposite conclusion plainly are not supported by any competent evidence in this record. On the contrary, all evidence

2. Responsibility for drafting the *pro forma* decree required by 39 M.R.S.A. § 103 in order to perfect an appeal to the Law Court rests exclusively with counsel for that party who wishes to appeal from the Workers' Compensation Commission. Although a Superior Court justice may, and indeed should, reject any patently insufficient or improper *pro forma* decree, he need not undertake to redraft a defective proposal or otherwise to perform the task of counsel.

3. Mrs. Parlin's *pro forma* decree did bear a caption as follows:

ELIZABETH PARLIN, Plaintiff
v.
G. H. BASS & CO.
and
LIBERTY MUTUAL INSURANCE CO.

BENNETT IMPORTING CO.
and
AMERICAN MOTORISTS INSURANCE CO.
Defendants

That caption, however, was obviously ineffective by itself to perfect an appeal by Mrs. Parlin as against Bennett, since neither the Workers' Compensation Commission's decree nor the body of Mrs. Parlin's *pro forma* decree contained any denial (or, for that matter, any other disposition) of her petition for further compensation against Bennett.

4. Since we hold that Bass is not responsible for paying any compensation to Mrs. Parlin, we do not reach the claim on her appeal that the compensation ordered to be paid by Bass was inadequate.

points to the fact that Mrs. Parlin's latest disability was only a recurrence of a chronic condition that arose in the course of her previous employment. In the words of our recent opinion in *Axelsen v. S. D. Warren Division*, Me., 423 A.2d 546, 548 (1980), the employee "failed to meet the ultimate burden of proof resting on [her] to show that it was more probable than not that special work-related conditions [at Bass] ... had caused the incapacity at issue."

In reaching the conclusion to reverse the commissioner's decision, we adhere faithfully to the proposition, recently enunciated with care in *Dunton v. Eastern Fine Paper Co.*, Me., 423 A.2d 512, 517 (1980), that "our review over fact finding by the Commission is narrow, requiring our deference to the Commissioner's conclusions if they are supported by competent evidence." In disapproving the commissioner's findings we do not at all rely upon the circumstance present in the case at bar, as it was in *Dunton*, that the medical evidence came in exclusively in written form. Rather, nowhere in that written testimony can one find the "competent evidence" required to support the commissioner's findings. All the evidence points to liability on the part of Bennett, the employer at the time of the original incident.

The physicians who testified on deposition diagnosed the condition of Mrs. Parlin's right hand and wrist to be "chronic recurring tenosynovitis of de Quervain's type." She had sustained a compensable injury to that hand and wrist while working at Bennett in September, 1976, and had undergone surgical procedures for the resulting tendonitis condition in December of that year and in March of 1977. She never returned to work at Bennett, but started in January, 1978, on a handsewing job at Bass, where she worked until March 6.

■ The commissioner in his original decree dated October 4, 1979, found that Mrs. Parlin's "basic condition was one of tendonitis, as alleged and established in the previous Petition [against Bennett] and established in the decree of May 13, 1977 by this Commission." The quoted finding originally made by the commissioner is well supported by the record evidence. On the other hand, his finding on December 4, 1979, that there was no "causal relationship between Elizabeth Parlin's employment at Bennett ... and her disability commencing on March 7, 1978" is not supported by any competent evidence of record. His finding that Mrs. Parlin's work activities for Bass "caused or aggravated a condition of tendonitis, or De Quervains Disease, creating symptoms of pain and discomfort which disabled the employee from that work" also cannot be sustained. All competent evidence shows that the Bass job only stirred up symptoms of a chronic condition that already existed, and did not make her underlying disability any greater.

Mrs. Parlin's hand and wrist continued to bother her during the period between her Bennett and her Bass jobs. She herself apparently considered her problem at Bass to be a further manifestation of her injury at Bennett, for upon becoming unable to continue at Bass, she almost immediately filed for further compensation against Bennett, not filing against Bass until 10 months later. The medical evidence establishes that Mrs. Parlin's underlying condition of chronic tendonitis was present when she commenced working for Bass, and her job there did nothing more than bring out the disabling symptoms of that condition. Her Bass job did not even slightly cause her chronic tendonitis. All the medical testimony received by the commissioner "support[ed] ... the absence of any intervening causative effect even in a slight degree between the subsequent incidents [at Bass] and the plaintiff's ultimate disability." *Willette v. Statler Tissue Corp.*, Me., 331 A.2d 365, 370 (1975). *See also Pottle v. Brown*, Me., 408 A.2d 1011, 1013 (1979).

The entry will be:

Employee's attempted appeal in *Parlin v. Bennett Importing Co. et al.* dismissed as premature.

In *Parlin v. G. H. Bass & Co. et al., pro forma* decree of the Superior Court reversed; judgment for defendants on employee's petition for award of compensation.

The employers, Bennett Importing Co. and G. H. Bass & Co., shall pay in equal shares to the employee an allowance for counsel fees in the amount of $550 together with her reasonable out-of-pocket expenses for this appeal.

All concurring.