## MESLOH v HOME FURNACE CO.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 3455. Decided June 17th 1942.

## 532

Folkerth & Folkerth, Columbus, for plaintiff-appellant.

Horace S. Kerr, Columbus, for defendant-appellee.

## OPINION

By GEIGER, PJ.

This matter is before this Court upon appeal from the judgment of the Court of Common Pleas reversing the judgment of the Municipal Court and dismissing the petition on the ground that the same was not brought by the real party in interest.

There are four assignments of error:

1. That the Court erred in rendering judgment for the defendant-appellee, he being the defendant-appellant in said Court of Common Pleas.

Assignments 2, 3, and 4 relate to the action of the Court of Common Pleas in reversing the judgment of the Municipal Court and finding in favor of the defendant in reversing the Municipal Court.

It appears from the record that the plaintiff-appellant had obtained a judgment against the defendant-appellee in the Municipal Court. The defendant then appealed to the Common Pleas Court and the Court reversed the Municipal Court. The facts relating to the litigation are briefly: The D. & R. Realty Company built a dwelling house in Columbus; it obtained a mortgage loan on the property from The Hub Federal Savings and Loan Association, and executed to such Association its mortgage deed. The mortgage was given before any work was done on the lot or material furnished. The Realty Company proceeded to build the house. As a part thereof it ordered and obtained from the defendant, The Home Furnace Company, a gas furnace, which was installed in said house. The evidence does not clearly establish whether or not this furnace ever became a fixture in the house or whether it always remained a chattel. The furnace itself was built in a single unit, complete in itself, except where it was attached to the floor by cement, which did not hold it securely, and also where the pipe furnishing the gas was connected with the gas mains. The jury found that it was a fixture.

Examining the record in the Municipal Court we are unable to find any judgment entry. We do find this notation: "4/8/41, Matthias. Motion for new trial overruled. Judgment rendered as per finding of 3/24/41." This brief notation does not rise to the dignity of a judgment of a Court, and we are tempted to send the case back on the ground that there was never any final entry in the Municipal Court and that, therefore, the Court of Common Pleas had no jurisdiction.

However, counsel have overlooked this matter and make no comment upon it, and if we sent it back, it would simply result in delay, as no doubt the formal entry would be in harmony with the memorandum made by the Judge.

We have noted this method of entering judgment in a number of cases coming from the Municipal Court and we now say that the next time such an entry is present-

ed to us as a judgment of the Municipal Court we shall find that it is not a judgment and that, therefore, any appellatory court would have nothing to review. Counsel should govern themselves accordingly.

One side maintains that the furnace never became attached to the realty, and the other side, that it did. The house was built for sale as a complete dwelling. The Hub Federal Savings and Loan Association commenced foreclosure proceedings, and on May 24, 1940, Harry S. Mesloh, the plaintiff, was appointed receiver "for this property at 328 East Beaumont Road." What his authority as receiver was is not clearly established.

In June, 1940, the furnace was removed by the Furnace Company without the consent of the receiver and he ordered the Furnace Company to return and reinstall the furnace, but this was not done. Thereafter, the receiver commenced an action in replevin in Municipal Court. During the pendency of this action the sheriff's sale was held in the foreclosure action. In the entry confirming the sheriff's sale the Court made substantially the following order: The Court having been advised that Harry S. Mesloh, Receiver herein, as receiver, instituted an action in the Municipal Court of the City of Columbus for the replevin from The Home Furnace Company of the furnace and equipment removed by it from the premises, it is hereby ordered by the Court that the receiver be and he hereby is continued in office as such receiver for the purpose of prosecuting said suit for the recovery of said furnace, and said receiver's action in instituting said suit is ratified and approved and said receiver is hereby authorized and directed to continue said proceeding for the recovery of said furnace and equipment, and said receiver is directed to make a report of the proceedings to this Court, and the Court hereby retains jurisdiction of this case for said purposes.

Thereafter the replevin action came on for trial in the Municipal Court and the jury returned a verdict in favor of Harry S. Mesloh, Receiver, upon which judgment was rendered and from which the appeal was taken to the Court of Common Pleas. The Court of Common Pleas reversed the judgment of the Municipal Court solely upon the ground that the plaintiff was disqualified to bring this suit because he was not the real party in interest.

The only question before this Court is whether or not plaintiff had a right to bring this action and to prosecute it to final determination.

The jury found that the furnace was a part of the real estate. The Judge of the Court of Common Pleas based his decision reversing the judgment of the Municipal Court on the testimony of the receiver on page 13 of the bill of exceptions in which the receiver on cross-examination admitted that he did not have any interest in the furnace, and that if he was to prevail in the action in the Municipal Court the furnace would be surrendered to the Hub Federal Building and Loan Company. The receiver is an officer of this Loan Company, and if successful would naturally wish to return it to the Loan Company. But he could not do this without an order of the Court, after the Realty Company had had an opportunity to be heard.

534

Sec. 11241 provides that the action must be prosecuted in the name of the real party in interest except as otherwise provided.

Sec. 11244 provides that a person expressly authorized by statute may bring an action without joining with the person for whose benefit it is prosecuted and that officers may sue as authorized by law.

Sec. 11897 provides that under the control of the Court the receiver may bring and defend actions in his own name as receiver, take and keep possession of the property and generally do such acts respecting the property as the Court authorized.

The entry appointing the receiver in the foreclosure case was to the effect that Mesloh be appointed receiver for the purpose of collecting the rents and managing the property described in this action. However the Court specially instructed the receiver to continue action.

The Court, after reviewing the evidence and the rule laid down in **Oldroyd Machine Company v Willis, 10 Abs. 525**, holds that the plaintiff is not the real party in interest, and that the record discloses that he would not be entitled to the benefit of the action if successful. Reading the statutes in the chapter relating to "'Parties to Action" we find that §11241 provides that the action must be prosecuted in the name of the real party in interest, **except as provided in the next three succeeding sections**. The first and second of the next three succeeding sections have no relevancy to the case at bar.

Sec. 11244, the third of said sections, provides how an executor, trustee, etc., may sue, and said section provides that a person expressly authorized by statute may bring an action without joining the persons for whose benefit it is prosecuted. Officers may sue and be sued in such name as is authorized by law.

Sec. 11897 in the chapter on receiverships provides in substance that under the order of the Court the receiver may bring and defend actions in his own name, as receiver, take and keep possession of the property, * * * and generally do such acts respecting the property as the Court authorizes. We are not in harmony with the judgment of the Court of Common Pleas that this receiver had not interest in the property sufficient to make him a proper party to bring and prosecute this action.

We do not attempt to follow the relative equities of the two claims, but are of the opinion that the receiver has a right to proceed in the final discharge of the duties for which he was appointed and for which he had especial authority from the Court ordering the foreclosure, and report his action to the Court for further direction.

Judgment of the Court of Common Pleas reversed and that of the Municipal Court sustained.

BARNES & HORNBECK, JJ., concur.