**NICHOLS, et, Plaintiffs-Appellants v. CHANDLER, et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 3565. Decided January 20, 1944.

Schwartz & Gurevitz, Columbus, for plaintiffs-appellants.
Hedges, Hoover & Tingley, Columbus, for defendants-appellees.

544

## OPINION

BY THE COURT:

Submitted on motion of plaintiffs-appellants for an order remanding this case to the Municipal Court of the City of Columbus, Ohio, for the purpose of perfecting the judgment in said Court.

As a basis for the motion, counsel for appellants cite and quote from the opinion of Geiger, J., of this Court, in **Mesloh, Receiver, v. The Home Furnace Company, 36 Abs. 531, 44 N. E. (2d) 379**, wherein it is said:

"The next time such an entry is presented to us as a judgment of the Municipal Court we shall find that it is not a judgment and that, therefore, any appellatory court would have nothing to review. Counsel should govern themselves accordingly."

We do not at this time consider nor determine whether the language quoted was a judgment of this Court, but giving it full force and effect as such, the question is, is the entry here presented such as was under consideration in the cited case. We are satisfied that it is not.

In the cited case the only judgment entry appearing on the half sheet of the Judge of the Municipal Court who made the order was "Motion for new trial overruled. Judgment rendered as per finding of 3-24-41." The finding notation of date 3-24-41 is: "Case concluded. Jury sworn. Testimony adduced. Jury returned verdict for plaintiff that at the commencement of this action the right of property and possession of goods and chattels described in petition was in plaintiff".

In this case the finding was for the defendant. The entry which purports to be the judgment is, "Motion for a judgment for the plaintiff is overruled. Ex. Motion for a new trial is overruled. Ex. Judgment is rendered for the defendants for cost as per finding of January 12, '43". There is nothing in the finding which is essential to the judgment which is not carried into the judgment entry. The entry clearly enters judgment for the defendants for costs. This beyond question is a final judgment.

The motion will be overruled.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.