CITY OF LIMA, APPELLEE, *v.* ELLIOTT, APPELLANT.

(No. 1269—Decided October 2, 1964.)

*Mr. John R. Evans,* director of law, and *Mr. William C. Vandemark,* for appellee.

*Mr. Gordon Sears,* for appellant.

*Per Curiam.* This appeal is before this court on an order to show cause why it should not be dismissed as not being from a final appealable order. At the time assigned for hearing counsel waived oral argument and submitted the matter on their briefs filed herein. In their briefs counsel are in agreement and each contend that the order appealed from is a final appealable order.

However, this court may not proceed on a mere agreement of counsel, for our jurisdiction on appeal depends upon the ex-

244

istence of a final appealable order. If such an order does not exist in fact and in law it cannot be made to exist by agreement of counsel.

The documents filed with the court in this appeal include three case jackets, or envelopes, each of approximately 4″ x 9½″ in dimension. On one of these case jackets appears the following notation above the signature of the trial judge:

"12-9-63. Deft. sentenced to 60 days in the A. C. J. and pay the costs of prosecution. Jail sentence suspended on condition deft. keep his future city income tax current and upon payment of the costs    Executed (sic) Issued bond to stay execution set at $200."

On another of these case jackets appears the following notation above the signature of the trial judge:

"12-12-63. Upon payment of $40 deft. to sign bond for balance of costs to be paid by January 15th, 1964. Jail sentence suspended on condition deft. keep his income tax payments current & pay balance of costs by Jan. 15th, 1964."

The notice of appeal purports to be "from a judgment rendered by the Lima Municipal Court * * * on the 9th day of December, 1963."

From an inspection of all the documents filed by the appellant with this court it appears that the foregoing notations on the case jackets purport to constitute the only judgment and/or entry of judgment in the trial court. However, in the city's brief it is claimed that this identical matter "has been journalized in Volume 132, pages 13 and 517 of the criminal trial and journal entry docket as found in the clerk's office of the Lima Municipal Court," in conformity with a rule of court adopted on the 17th of May 1961.

The rule of court referred to, in pertinent parts, reads as follows:

"The trial judge shall enter or cause to be entered his finding and judgment, order, or decree upon the jacket or affidavit of the case. Such entry shall be and constitute the journal entry in the case except where more lengthy entries are necessary. In such latter cases and when ordered by the court journal entries shall be furnished by counsel and after rejection or approval by opposing counsel must be presented to the judge entering the order, judgment or decree for his approval, within three

days after the date of making same, unless further time is given; and all such journal entries must bear the endorsement of such judge's approval before the same is entered upon the journal by the clerk.

"The court may journalize or direct the clerk to journalize any entry at any time in furtherance of justice."

The city claims as justification for the court's procedure the decision of the Supreme Court in the case of *Hower Corp.* v. *Vance,* 144 Ohio St. 443, wherein some similar action was upheld with regard to an entry of judgment in a civil case. However, that case pertained to a different rule, a different statute, definite and fixed procedure, and was a civil and not a criminal proceeding. Here, we are concerned with a criminal proceeding, involving the freedom of the defendant, and the statutes, the rule, and the procedure are of a different character.

We must concede that courts may adopt rules governing court procedure in criminal cases, but it is basic that such rules may not be in derogation of statutory law and wherever a statute provides the criminal procedure such provisions are exclusive. *Eichenlaub* v. *State,* 36 Ohio St. 140; and *State* v. *Schultz,* 96 Ohio St. 114, 118.

It is prescribed by the first paragraph of Section 1901.21, Revised Code:

"(A) In a criminal case or proceeding, the practice, procedure, and mode of bringing and conducting prosecutions for offenses, and of filing bills of exceptions, and the power of the [Municipal] court in relation thereto, are the same as those which are conferred upon police courts in municipal corporations. * * *."

In Section 1903.27, Revised Code, it is prescribed:

"The clerk of the police court shall keep a journal of all orders and judgments of the court. On the opening of the court on any day, the minutes of the preceding day shall be read, and signed by the judge, the errors being first corrected. The entries on the journal in any case, in connection with the information and other papers constitute and have the force of a final record."

The journalization of the matter appearing on the case jackets in "the criminal trial and journal entry docket," as claimed by the city, does not constitute the entry on the journal

as contemplated by Section 1903.27, Revised Code. It will be observed that a "docket" is not, in this sense, a "journal."

In a decision of which we approve, except where the statutes referred to have been repealed, *Demereaux* v. *State,* 35 Ohio App. 418, involving the Municipal Court of Portsmouth, the Court of Appeals for Scioto County examined in detail and set forth the statutory and other requirements of law pertaining to judgments and judgment entries in criminal cases in Municipal Courts.

In the case of *Mesloh* v. *Home Furnace Co.,* 36 Ohio Law Abs. 531, involving a "judgment" in a civil case of the approximate informality of the matter claimed to be a judgment in this case, the Court of Appeals for Franklin County said:

"* * * This brief notation does not rise to the dignity of a judgment of a court, and we are tempted to send the case back on the ground that there was never any final entry in the Municipal Court and that, therefore, the Court of Common Pleas had no jurisdiction.
"* * *

"We have noted this method of entering judgment in a number of cases coming from the Municipal Court and we now say that the next time such an entry is presented to us as a judgment of the Municipal Court we shall find that it is not a judgment and that therefore, any appellatory court would have nothing to review. Counsel should govern themselves accordingly."

We find the following in the article on Judgments appearing in 49 Corpus Juris Secondum 182, Section 62:

"A judgment should be complete in itself and contain within its four corners the mandate of the court, without extraneous references, and leaving open no matters of description or designation out of which contention may arise as to the meaning. It should not leave open any judicial question to be determined by others, and must contain sufficient facts to enable the clerk to issue an execution thereon, by an inspection of its entry, without reference to other entries."

Section 72, page 191:

"A judgment must be definite and certain in itself, or capable of being made so by proper construction."

Section 110, page 235:

"As a general rule, entry of a judgment must be made in the judgment book, journal, or other designated book of record, in accordance with the statutory provisions in that respect."

See, also, *Picket* v. *State*, 22 Ohio St. 405.

It is apparent from these various authorities that the entry of the "judgment" on the case jackets does not, in and of itself, conform to the requirements of the statutes nor does the form of the "judgment" rise to the dignity of a judgment of a court. The claimed entry in the journal did not include any other language and did not, therefore, accomplish any cure as to form.

Ignoring form, we find that the claimed compliance with the statutes by the entry of the "judgment" in the criminal journal of the court does not give such "judgment" the force and effect of a final appealable order if the act of entry is itself vitiated by the court's rule hereinbefore quoted. Referring to this rule we find ourselves confronted with the old shell game. We cannot tell under which shell the pea will appear for we cannot tell what the court intends to be its final order. The first sentence of the rule says that entry of judgment shall be made upon the jacket *or* affidavit. Which one? The second sentence says that such entry shall constitute the journal entry "except where more lengthy entries are necessary." When are they necessary and when, and how is necessity determined? And does this conform to the requirements of Section 1903.27, Revised Code? The third sentence says, in effect, that when there is such necessity *and* when ordered by the court more lengthy entries must be presented to the judge for his approval "within three days after the date of making same, *unless further time is given.*" (Emphasis added.) Thus, a "judgment" entered on an affidavit or on a case jacket does not constitute a judgment if the court within three days, or at any time thereafter, approves a more lengthy entry in (1) any case when a more lengthy entry is necessary or (2) when a more lengthy entry is ordered by the court. To capitalize the uncertainty as to when a judgment is final, it is then provided by the second paragraph of the rule that "the court may journalize or direct the clerk to journalize any entry *at any time* in furtherance of justice." (Emphasis added.)

In addition to the uncertainty of what constitutes the judg-

ment of the court it is also obvious that the application of this rule makes it uncertain as to the *date* upon which a determination of the court may become final and the time for appeal to start running. In the first instance it would be when the memorandum is made on the affidavit or on the case jacket, but this may be superseded by a more lengthy entry submitted within three days or at any time, when further time is given, or by any entry which the court may journalize or direct the clerk to journalize at any time.

We do not consider this rule, which was adopted as applicable to criminal cases only, to be sufficiently specific to enable anyone to determine which is the final judgment of the court or when a final judgment has been entered. Criminal procedure, involving the freedom of the subjects thereof, must certainly be more definite than this.

For these reasons, and without regard as to considerations of form, we are of the opinion that as we cannot determine the finality of the order appealed from there therefore is no final appealable order and this court does not have jurisdiction to entertain the appeal. The appeal should be, and hereby is, dismissed at the costs of the appellant.

*Appeal dismissed.*

MIDDLETON, P. J., YOUNGER and GUERNSEY, JJ., concur.