**Leo LEVASSEUR**

v.

**T. S. PINKHAM, INC., et al.**

Supreme Judicial Court of Maine.

March 13, 1972.

Violette & Smith, by William J. Smith, Van Buren, for plaintiff.

Robinson, Richardson & Chapman, by, Clement F. Richardson, Portland, for defendants.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WEBBER, Justice.

On April 1, 1969 the petitioner received a compensable injury in the course of his employment and was paid compensation for total incapacity until July 1, 1969 when he returned to his regular employment at full pay. Claiming that he was encountering some physical difficulties in performing his duties, the petitioner stopped work on Sep-

tember 8, 1969. On September 22, 1969 he accepted employment as a truck driver. This work ended November 8, 1969 and the petitioner remained unemployed from November 9, 1969 to February 16, 1970 when he obtained continuing full time employment. On September 10, 1969 this petition was brought seeking "further compensation on account of partial incapacity subsequent to said date, September 9th, 1969." The Industrial Accident Commission awarded compensation from September 7, 1969 to September 22, 1969 and from November 9, 1969 to February 14, 1970 based upon a 25% loss of earning capacity attributable to injury. Petitioner appeals.

■  Appellant's claim of error seems to rest upon the semantics of the Commission's decision rather than upon the substance of its conclusion. Medical evidence, introduced by stipulation, was accepted by the Commission as proof that the petitioner was at all material times suffering a "25% disability." The decision was thereafter couched in terms of "disability" rather than earning capacity. Appellant contends that the Commission thereby erroneously substituted physical disability for the true test, loss of earning capacity. We think the decision must be read as a whole and in the light of the evidence. Elsewhere in the decision the Commission expressly found the petitioner had "some work capacity during this period." We think a fair reading of the decision leads to the conclusion that the Commission was not satisfied on the evidence that the petitioner had demonstrated any percentage loss of earning capacity greater than his percentage of physical disability.

■  The petitioner had the burden of proof. If his claim was that his loss of earning capacity exceeded the extent of his remaining physical disability, it was necessary that he demonstrate that fact by the greater weight of the evidence. The weight and credibility of testimony was for the Commission on this factual issue. The Commission was entitled to take into account the fact that when the petitioner elected to work he suffered no loss of earning capacity *attributable to his injury.* The Commission could and apparently did conclude that when petitioner elected not to work, only 25% of his loss of earning capacity was attributable to the injury. We can discover no reversible legal error.

Appeal denied. Ordered that an allowance of $350 to cover fees and expense of counsel plus cost of the record be paid by the appellees to the appellant.