**Blye Ann GRONDIN et al.**

v.

**Michael L. COYNE et al.**

Supreme Judicial Court of Maine.

Dec. 29, 1978.

Grover G. Alexander, Gray (orally), for
plaintiffs.

Warren E. Winslow, Portland (orally), for
defendants.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

PER CURIAM.

This is the third of three actions[1] between the parties. It comes before us on appeal from a Superior Court order dismissing appellants' complaint on grounds of collateral estoppel.

We dismiss the appeal.

Appellants herein are the stepdaughter and stepgrandchildren of William J. Coyne, who died intestate at Portland on July 23, 1976. Appellees are the surviving brothers and sisters of decedent, and his only heirs at law.

Prior to his death, appellants lived with decedent in a residence he apparently owned in fee simple. That arrangement was the result of an alleged oral promise by decedent that if appellants lived with and took care of him, he would devise them the residence. Decedent's failure to comply with that alleged promise has given rise to this protracted litigation.

Following the decedent's death, the present appellees instituted an action against Blye Ann Grondin alone to recover possession of the residence and to establish fee ownership therein. Summary judgment was eventually granted on behalf of appellees. A subsequent appeal filed by Grondin was abandoned. Appellants thereupon instituted the present suit to impose a trust upon all the real and personal property of the decedent, and to require specific performance of conveyance of the real and personal property of the decedent based upon his alleged promise.

By way of an answer, appellees moved to dismiss the complaint on the grounds of *res judicata* and collateral estoppel. A hearing was had on the motion, at which time appellants orally moved to strike appellees' motion as an improper responsive pleading. The presiding Justice denied appellants' motion and granted appellees', relying solely on the theory of collateral estoppel. The Justice subsequently filed findings of fact and conclusions of law at the behest of appellants.

Appellants now raise as points on appeal the propriety of the Superior Court Justice's denial of their oral motion; his treatment of appellee's motion as one made pursuant to Rule 12(b)(6), M.R.Civ.P., and the application of the doctrine of collateral estoppel. We find it impossible to reach the merits of any of these contentions, inasmuch as appellants have failed to provide us with an adequate record from which we could make a decision.

It is an appellant's burden to support its appeal with a record sufficient to allow an appellate court the opportunity to adequately review those issues presented. *Berry v. Berry*, Me., 388 A.2d 108 (1978); *Maiorino v. Morris*, Me., 367 A.2d 1038 (1977); *see also*, Rule 74A(a) M.R.Civ.P. It is apparent from what record we do have that a court reporter was present at the hearing on appellees' motion. Yet appellants have chosen not to provide us with a transcript of the hearing. They have thereby effectively precluded us from considering the validity of their claims of error.[2]

The entry is:

Appeal dismissed.

WERNICK and NICHOLS, JJ., did not sit.

---

1. On July 5, 1977, appellant Grondin sought compensation in the Probate Court for renovations she allegedly made to the residence herein question. The disposition of that action has no relevance to the case now before us, and we therefore limit our discussion solely to appellant Grondin's prior action to recover possession of the residence as well as the case at bar.

2. Although a transcript of the hearing is not essential to determine the propriety of appellees' choice of responsive pleading, it is essential to determine whether appellants waived any objection thereto by arguing the merits of the motion at the hearing. *See Cox v. Pearl Investment Co.*, 168 Colo. 67, 450 P.2d 60 (1969).