**Leonard L. MURPHY, Jr.**

v.

**CITY OF BANGOR and United States Fidelity & Guaranty Company.**

Supreme Judicial Court of Maine.

Argued Nov. 12, 1980.

Decided Dec. 2, 1980.

Libhart, Ferris, Dearborn, Willey & Ferm, N. Laurence Willey, Jr. (orally), Brewer, for plaintiff.

Mitchell & Stearns, Peter M. Weatherbee (orally), Bangor, for defendants.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN, ROBERTS and CARTER, JJ.

NICHOLS, Justice.

This is an appeal from a *pro forma* decree of the Superior Court in Penobscot County reflecting two Workers' Compensation Commission decisions on the Petition for Review of the employee, Leonard L. Murphy, Jr., and the Petition to Determine Extent of Permanent Impairment of the employer, City of Bangor.

The Workers' Compensation Commission in its decisions awarded the employee compensation for partial incapacity at the rate of $52.79 per week, plus a lump sum payment for permanent impairment of $4,524.00 The order of the Superior Court read as follows:

> NOW THEREFORE, it is ORDERED and DECREED that the said Decision of the Workers' Compensation Commission is hereby approved in full, and that the Employee, Leonard L. Murphy, Jr., is not entitled to compensation other than as stated in said Decisions.

We dismiss the appeal because no appealable judgment has as yet been entered in this case.

■ Instead of expressly stating the relief granted "as though rendered in an action in which equitable relief is sought," 39 M.R.S.A. § 103 (1980 Supp.), here the *pro forma* decree attempts to incorporate by reference the decisions of the Commission.[1] This is improper.

■ "A decree should contain within its four corners the mandate of the court without reference to other documents." *Carroll v. Hinchley*, 316 Mass. 724, 56 N.E.2d 608, 612 (1944); *see also City of Lima v. Elliott*, 6 Ohio App.2d 243, 217 N.E.2d 878, 881–82 (1964); *cf.* M.R.Civ.P. 65(d) ("Every restraining order and every order granting . . . [an] injunction . . . shall describe in reasonable detail, and not by reference to the complaint or other document, the . . . acts sought to be restrained . . . .")

Until there is a final judgment in Superior Court which complies with the statute cited, the employee's appeal is premature. We remand to the Superior Court for entry of a sufficient judgment.[2]

An appeal to the Law Court may thereafter be taken by filing a new notice of appeal within the time limits prescribed by statute, and by then supplementing the record with all docket entries made after remand. Because the case has been fully briefed and argued before us, if a new appeal is thus taken we shall decide the merits upon the existing record supplemented by all docket entries made following this remand. *Dufour v. Silsby*, Me., 405 A.2d 737, 739 (1979).

The entry[3] is:

Appeal dismissed.

Remanded to Superior Court for further action consistent with the opinion herein.

All concurring.

1. The requirement of this statute is to be distinguished from that of M.R.Civ.P. 79(a), which permits the notation of a court order or judgment *on the docket* to consist of an incorporation by reference of a designated document filed with the clerk (provided it was made at the specific direction of the court).

2. It is initially the duty of counsel, and not of the court, to draft a *pro forma* decree. This draft ordinarily should require no modification before entry in the Superior Court.

3. Any allowance of counsel fees and out-of-pocket expenses to the employee is deferred until disposition by the Law Court of any new appeal in this matter.