**326**

Joseph Denis **POITRAS**

v.

**R. E. GLIDDEN BODY SHOP, INC. and New Hampshire Insurance Company.**

Supreme Judicial Court of Maine.

Argued Nov. 12, 1980.

Decided Jan. 6, 1981.

McTeague, Higbee & Tierney, Patrick N. McTeague (orally), Brunswick, for plaintiff.

Rudman, Winchell, Carter & Buckley, Richard E. Byer (orally), Michael P. Friedman, Bangor, for defendants.

Before McKUSICK, C. J., and WERNICK, GODFREY, GLASSMAN and ROBERTS, JJ.

PER CURIAM.

Joseph Denis Poitras (worker) has appealed to this Court from a pro forma judgment of the Superior Court (Penobscot County). The judgment purported to affirm a decision of the Workers' Compensation Commission, made on a Petition for Review of Incapacity brought by the worker's employer R. E. Glidden Body Shop, Inc., ordering that the worker be paid compensation for partial, instead of total, incapacity to earn.

We conclude that we lack jurisdiction of the appeal because we cannot regard the pro forma judgment in this case as a final judgment. The judgment states only:

"IT IS HEREBY ORDERED, that the Employer's Petition for Review of Incapacity dated August 30, 1978 is sustained to the extent set forth in the Decree of April 11, 1980."

Thus, like the judgment in *Murphy v. City of Bangor, et al.*, Me., 422 A.2d 1013 (1980), the instant judgment fails to state expressly "the relief granted 'as though rendered in an action in which equitable relief is sought,'" and fails to "'contain within its four corners the mandate of the court without reference to other documents.'" *Ibid.*, at 1014.

In this case, as in *Murphy, supra*, the record makes clear that the Superior Court had before it a proper Commission decree and, hence, the Superior Court will be able to act pro forma to amend its pro forma judgment by including in it the specific relief ordered by the Commission.

We thus take the same course as in *Murphy, supra*. We remand to the Superior Court for entry of a sufficient judgment. Thereafter

"[a]n appeal to the Law Court may . . . be taken by filing a new notice of appeal within the time limits prescribed by statute, and by then supplementing the record with all docket entries made after remand. Because the case has been fully briefed and argued before us, if a new appeal is thus taken we shall decide the merits upon the existing record supplemented by all docket entries made following this remand." *Ibid.*, at 1014.

The entry shall be:

Appeal dismissed.

Remanded to the Superior Court for further action consistent with the opinion herein.

Allowance of counsel fees and out-of-pocket expense to the employee is deferred until disposition by the Law Court of any new appeal in this matter.

All concurring.