Donald MARTIN

v.

SCOTT PAPER COMPANY.

Supreme Judicial Court of Maine.

Argued May 15, 1981.

Decided Sept. 8, 1981.

---

4. The error here does not involve the defendant's constitutional rights.

Levey & Wessler, P. A., Stephen L. Wessler, (orally), Winthrop, for plaintiff.

Richardson, Tyler & Troubh, Jeffrey A. Thaler, (orally), S. Peter Mills, III, Portland, for defendant.

Before WERNICK, NICHOLS, ROBERTS and CARTER, JJ.

CARTER, Justice.

The employee, Donald Martin, appeals from a pro forma decree of the Superior Court (Kennebec County) affirming a decision of the Workers' Compensation Commission on a petition for review of incapacity filed by his employer, Scott Paper Company. We affirm the judgment below.

## I.

We first address Scott Paper's contention that the pro forma decree does not comply with the requirement that the judgment "contain within its four corners the mandate of the court without reference to other documents." *Poitras v. R. E. Glidden Body Shop, Inc.*, Me., 424 A.2d 326, 326 (1981); *Murphy v. City of Bangor*, Me., 422 A.2d 1013 (1980). The judgment entered by the Superior Court reads:

It is ordered that Defendant's Petition for Review of Incapacity dated July 3, 1979 is granted and that the benefits previously ordered by the Workers' Compensation Commission to be paid to Plaintiff are ordered terminated as of August 26, 1980.

The employer argues that this decree is insufficient for appellate review because it makes "no reference to the basis for termination of benefits," and "provides no grounds for review."

Our decisions in *Murphy* and *Poitras* did not require the pro forma decree to contain the underlying reasoning or findings of the Commission. Rather, we stated that the pro forma decree must expressly

state the specific relief granted and not attempt to incorporate the Commission's decision by reference. Here, the pro forma decree expressly states that all benefits are to terminate as of a specific date. It therefore satisfies the requirements for a final judgment.

## II.

We now turn to the merits of Martin's appeal. In November 1977, Martin suffered a serious eye injury in an assault by a fellow employee while working at the Scott Paper mill in Winslow. He received compensation for total incapacity pursuant to a Commission decree dated August 14, 1978. In July 1979, Scott Paper filed a petition for review of incapacity. On August 26, 1980, the Commission granted the employer's petition and terminated all benefits, stating:

> The evidence makes it clear, and I so find, that the employee has regained work capacity as concerns his condition to his left eye. The employee, while seeming to concede that point, suggests that he continues to have a disability, to wit: a psychological disability which prevents his being fully employable and further suggests that said psychological disability is causally related to the injury in question.
>
> Having heard all the evidence, I find as a fact that the employee has regained full capacity for work; and in doing so, I find as a fact and conclude as a matter of law that the employee has failed in its burden of proving either that he has a psychological disability which affects his work capacity and, that said psychological problem was causally related to this injury of November 26, 1977. I further find that although the employee has made a reasonable effort to obtain work since August, 1979 his failure to do so is due to general economic conditions rather than any disability which he had or lack of a job market for persons with his disability.

On appeal, Martin does not challenge the Commission's finding that the physical effects of his eye injury are no longer limiting his work capacity. Rather, he argues that the Commission erred in its failure to find that his work capacity was limited by a psychological disability and in its findings with respect to his job search.

▮ We must uphold the Commission's decision if it has made no error of law and if its findings of fact are supported by competent evidence *in the record. See Dunton v. Eastern Fine Paper Co.*, Me., 423 A.2d 512, 516–18 (1980). Here, the Appendix to the briefs indicates that the evidence presented to the Commission consisted of the deposition of Martin's opthamologist, Dr. Lagomarsino, the testimony of Martin's psychologist, Dr. Sanborn, and Martin's own testimony. The record on appeal, however, contains only the deposition of Dr. Lagomarsino. Although Martin's arguments are premised upon his own testimony and the testimony of Dr. Sanborn, the record does not contain any transcript of the hearing at which Martin and Sanborn testified.[1]

In an appeal from a pro forma decree affirming the decision of the Workers' Compensation Commission, it is the appellant's responsibility to see that the transcript of the hearing is filed with the Superior Court so that it can be transmitted to the Law Court as part of the record on appeal. M.R. Civ.P. 74. A case on appeal is to be determined under the Maine Rules of Civil Procedure *on the record* on appeal. Rule 74(a) provides:

> Composition of the Record on Appeal. The original papers and exhibits filed in the Superior Court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the Superior Court *shall constitute the record on appeal in all cases.*

(Emphasis added.) The record on appeal, as constructed in accordance with the require-

---

1. The *Appendix* does contain the testimony of Dr. Sanborn and portions of Martin's testimony. The Appendix is not a substitute for the original record, and we may not properly consider materials that appear only in the Appendix. M.R.Civ.P. 74C. We have not been provided with the original transcript, even after oral argument.

ments of Rule 74 and transmitted to the Law Court as required by Rule 74A, is the definitive source of factual data on which the particular case is to be considered and decided by the Law Court.

Under the new rules the record on appeal still defines the scope of review, which may in some cases be broadened because the Law Court now has access to all of the papers filed in the case, but the record is no longer the means by which papers relating to the appeal are provided to the court in a convenient volume. That function is now performed by the appendix that is filed with the appellant's brief. Rule 74C.

2 R. Field, V. McKusick, & L. Wroth, *Maine Civil Practice* § 74.2 (Supp.1981). Therefore, the appendix does not supplant the record as the authoritative and determinative source of the evidence at trial and the facts on which the case is to be considered on appeal. Rule 74C(a) provides:

Duty of Appellant to Prepare and File; Content of Appendix; Time for Filing; Number of Copies. In every case the appellant shall prepare and file an appendix to the briefs which shall as a minimum contain (1) all docket entries in the proceeding below, (2) the complaint in its entirety, (3) any relevant portion of all other pleadings, jury instructions, findings and opinions, and (4) the judgment, order or decision being appealed from. *In addition the appendix shall contain any other parts of the record to which the parties wish to direct the particular attention to the Law Court.* The fact that parts *of the record* are not included in the appendix shall not prevent the parties or the Law Court from relying on such parts.

(Emphasis added.) It is made unmistakably clear from the text of Rules 74, 74A, and 74C(a) that while the appendix may, as a matter of working convenience, be referred to in place of the record it must accurately and fully represent the content of the record. The record remains the controlling and dispositive repository of the factual predicates of the case. It is an elemental principle of appellate procedure that the appendix may not substitute for the record by providing evidentiary material about the case that does not appear in the record. "The sole function of the appendix . . . is to provide a convenient reference to the more important parts of the record. Unlike the record volume under the former rules, the appendix does not define the scope of review" and it ". . . may contain only material that is properly a part of the record on appeal." 2 R. Field, V. McKusick & L. Wroth, *supra* at § 74C.1.

The Court as well as counsel must be controlled by that principle. It is the primary function of appellate courts to decide concrete cases on specific facts. That function necessarily presupposes a common understanding among the court and counsel and the litigants as to the authoritative source of the facts of the case as determined by the evidence in the trial tribunal. Our appellate rules dictate that the record, not the appendix, shall be the authoritative repository of the facts and evidence in any specific case. M.R.Civ.P. 74(a), 74A and 74C(a). That understanding is fundamental to the Court's proper performance of its function. Without it, the Court's ability to properly perform its function may be in jeopardy because of the danger inherent in the Court being required to act on an inadequate record or because the Court may find it impossible to act at all due to uncertainty, confusion or disagreement as to the factual predicates of the case.

■ In consequence of this, counsel must be required to respect the understanding imposed by the rules that the record is the authoritative source of the evidence and facts of the case. It is the responsibility of counsel to construct the record for appeal. M.R.Civ.P. 74(b); *see Grondin v. Coyne*, Me., 395 A.2d 459 (1978). It is similarly the duty of counsel to prepare the appendix. M.R.Civ.P. 74C(a) and (b). If these functions are not properly performed by counsel, the court may not properly perform its function unless it takes on the responsibility itself to perform these tasks. We have recently pointed out the disruption of the

judicial process that occurs where we undertake such tasks. *Your Home, Inc. v. City of Portland*, Me., 432 A.2d 1250, 1256–57 (1981) *quoting Kushner v. Winterthur Insurance Co.*, 620 F.2d 404 (3d Cir. 1980). Where counsel fails to present a record and appendix upon which the Court can authoritatively determine the evidentiary bases of the case bearing on an issue posed by counsel, the Court must decline to address that issue. *Cates v. Farrington*, Me., 423 A.2d 539, 541 (1980); *Boothbay Register, Inc. v. Murphy*, Me., 415 A.2d 1079, 1080 (1980); *Tuttle & Lee Assoc. v. Deltona Realty Trust*, Me., 414 A.2d 534, 534 (1980).

■ Since Martin has not provided us with a transcript of the hearing as a part of the record, we cannot consider his contention in the present posture of this case that the Commission erred in disregarding Dr. Sanborn's uncontradicted testimony about his psychological condition.[2]

■ Where there is competent evidence to support the Commission's findings of fact, we will not disturb them on appeal. *Dunton v. Eastern Fine Paper Co.*, Me., 423 A.2d 512, 518 (1980). All of the evidence in the record, *i. e.*, the deposition of Dr. Lagomarsino, supports the Commission's finding that Martin had regained full capacity for work. The doctor, who had treated Martin since November of 1977, stated that as of November, 1978, Martin's physical condition had reached a satisfactory end result. Although Martin still had some problems with tearing and light sensitivity in the injured eye, the doctor concluded that he could work full-time in an ordinary office environment. On this record, we find competent evidence which supports the Commission's finding that Martin had regained full capacity for work.

Thus, this case presents us with an inadequate record by which to address the contentions made by counsel, none of which demonstrate error on the existing record. The only issue in the case that presents the possibility of error concerns the apparently erroneous allocation of the burden of proof by the Commissioner. (See note 2 *supra*). The appellant has not raised that issue or asserted that, in fact, such error existed. In such context, the entry must be:

Judgment affirmed.

It is ordered that each party shall bear its own counsel fees and expenses for this appeal.

All concurring.

2. Although the parties have not argued this issue, the decree raises the question of whether the Commission properly allocated the burden of proof on the question of Martin's alleged psychological disability. Instead of finding that the employee's evidence of psychological disability was not credible or not sufficient to outweigh the evidence presented by the employer, the Commission stated that the *employee* had "failed in [his] burden of proving either that he had a psychological disability which affects his work capacity and, that said psychological problem was related to this injury of November 26, 1977." That analysis would be appropriate if the Commission were acting on a petition filed by the employee to claim compensation for injuries not covered by the prior decree. *See Madore v. Bangor Roof & Sheet Metal Co.*, Me., 428 A.2d 1184, 1186 n.3 (1981).

But where, as here, the Commission acts on the *employer's* petition for review, the burden is on the employer to prove that the effect of the original injury on the employee's work capacity has diminished or ended and there should be no burden of proof on the employee. *Smith v. Dexter Oil Co.*, Me., 408 A.2d 1014, 1015 n.2 (1979); *Soucy v. Fraser Paper, Ltd.*, Me., 267 A.2d 919, 921–22 (1970).

The parties have not addressed the question of whether Martin's alleged psychological disability should have been raised in a petition for further compensation rather than as a response to the employee's petition for review, and we express no opinion thereon. Since the record before us contains no evidence concerning Martin's psychological problems, any error in the allocation of the burden of proof on that issue cannot be reached on this appeal.