Henry COTY

v.

**TOWN OF MILLINOCKET and Employ-
ers Fire Insurance Company.**

Supreme Judicial Court of Maine.

Argued March 1, 1982.

Decided April 21, 1982.

See also 393 A.2d 156.

Gross, Minsky, Mogul & Singal, P.A., George C. Schelling (orally), Bangor, for plaintiff.

Mitchell & Stearns, Kevin M. Cuddy (orally), Bangor, for defendants.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER and WATHEN, JJ.

CARTER, Justice.

For the fourth time, the parties are before this Court with respect to Henry Coty's claim for Workers' Compensation benefits stemming from a work-related injury that occurred while Coty was in the employ of the Town of Millinocket (Town). *See Coty v. Town of Millinocket*, Me., 423 A.2d 524 (1980) (Coty III); *Coty v. Town of Millinocket*, Me., 393 A.2d 156 (1978) (Coty II); *Coty v. Town of Millinocket*, Me., 391 A.2d 826 (1978) (Coty I). Because we find the decision of the Commissioner provides an inadequate basis for review, we vacate the decision and remand for further proceedings.

The facts of the case are more fully set forth in our prior decisions. *See Coty III*, 423 A.2d at 524–26; *Coty I*, 391 A.2d at 827–29. In brief, Coty injured his leg on September 18, 1973, while working as a laborer for the Town. He received benefits for total incapacity until February 1974 when he returned to work for the Town and benefits were then terminated by agreement. In 1975, Coty filed two Petitions, both seeking further compensation benefits for total incapacity for work as of July 1974.[1] The first was filed while Coty was still employed by the Town; the second after he was discharged from his job on August 15, 1975.

The claim for benefits was denied by the Commissioner and Coty appealed. We sus-

---

1. In *Coty III*, the employee conceded that the Commissioner had no evidence to base a finding for compensation prior to January 1, 1975. The employee continued to claim, however, compensation for the period January 1, 1975, to December 30, 1975. *Coty III*, 423 A.2d at 525. The employee limits the instant appeal to the denial of benefits for the period of August 15, 1975, to December 30, 1975. In *Coty II*, the employee sought compensation for a period commencing subsequent to December 30, 1975. The Commission denied the Petition and the Law Court affirmed this decision. That decision is not at issue in the instant appeal.

tained that appeal and remanded to the Commissioner because, in part, the decree of the Commissioner manifested confusion or misunderstanding of the principles of law relating to incapacity and its relation to work search. *Coty I*, 391 A.2d at 830. In *Coty III*, the follow-up decision to *Coty I*, the Commissioner, after hearing additional testimony, again denied the employee's Petition and the employee appealed. This appeal was sustained on the basis that the Commissioner's findings, despite the employee's request for further findings of fact, were inadequate to allow effective appellate review of the decision. *Coty III*, 423 A.2d at 526. We remanded the case with directions to the Commissioner to make additional findings of fact and conclusions of law on the basis of the existing record. *Coty III*, 423 A.2d at 526–27.

The Commissioner's decision on remand denied benefits to Coty as follows:

On the basis of the testimony already in the record, we conclude as follows:

From January 1, 1975 until August 15, 1975 Henry Coty worked as a laborer for the Town of Millinocket. He claimed compensation for partial disability during that period.

He stayed off the job for about 32 days during that period of time because he was ordered to perform work which, he says, he couldn't do because of his injured knee. It is our impression from the evidence on that question, that when Mr. Coty stayed away from work it was because he disliked the particular assignments given him not because he couldn't do them.

We find that he was not partially incapacitated during the period from January 1, 1975 to August 15, 1975.

On August 15, 1975 the Town of Millinocket terminated Mr. Coty's employment. He claims compensation for total or partial disability until December 30, 1975. We find he continued to have substantial work capacity and that although

he probably was precluded by his knee injury from heavy labor, we are not convinced that he could not have obtained work which would have paid him as much or more than he earned before he was hurt. Mr. Coty is not entitled to compensation for total or partial from January 1, 1975 to December 31, 1975.

The Petition is denied.

The employee appeals this decision from the pro forma decree of the Superior Court, Penobscot County, affirming the decision of the Commissioner. On appeal, we address two issues: (1) the import of the Commissioner's failure to make additional findings to those set out above following the employee's § 99 request and (2) the legal adequacy of the Commissioner's decision.

## I.

██ The employee asserts that the Commissioner erred in failing to make additional findings of fact and conclusions of law following the employee's request for findings pursuant to 39 M.R.S.A. § 99 (1978).[2] In reply to this argument, the employer suggests that because the request for findings is still outstanding before the Commissioner, the instant appeal is premature. We find that the employee's appeal of the Commissioner's decision without obtaining final action on the § 99 request for findings acts as a withdrawal of the request and we conclude that the employee is precluded from asserting the alleged error on appeal. The appeal is, thus, properly before this Court.

██ The procedural framework by which the Commissioner issues additional findings of fact and conclusions of law following his initial determination of a Petition results in the creation of complementary duties. The Commissioner has an affirmative duty under § 99 to make findings of fact and conclusions of law when requested by a party. *Smith v. Young Women's Christian Association*, Me., 438 A.2d 1276, 1278 (1982); *Leo v.*

---

**2.** Section 99 was amended by P.L.1979 c. 713 § 1 and P.L.1981 c. 199, §§ 4, 5, in a manner

not here pertinent.

*American Hoist & Derrick Co.*, Me., 438 A.2d 917, 926 (1981). The parties, in order to assist the Commissioner in carrying out his duty, are under an obligation to submit proposed findings when so ordered by the Commissioner. *Id.*; *Coty III*, 423 A.2d at 527.

■ We have stressed the importance of full findings of fact and conclusions of law as of vital assistance to the Commissioner in rendering his ultimate decision and to the Law Court in carrying out its appellate function.

> Specific findings permit stricter review. Rather than assuming that the Commissioner made particular findings of fact or applied certain legal principles, an appellate court can review the actual findings made and the legal principles actually applied. Furthermore, section 99 anticipates that upon making specific findings the Commissioner may reconsider, revise or reverse his original decision. Thus, possible error can be corrected at the Commission level.

(Citation omitted.) *Smith*, 438 A.2d at 1278; *see Leo*, 438 A.2d at 926; *Dufault v. Midland-Ross of Canada, Ltd.*, Me., 380 A.2d 200, 203 (1977). We have also noted the significant aid provided by proposed findings.[3] Proposed findings allow the Commissioner to "obtain the full benefit of the adversary system in carrying out the responsibilities imposed upon him by section 99." *Coty III*, 423 A.2d at 527.

The failure of either the parties or the Commissioner to fully meet their responsibilities within the framework of the fact-rendering process inhibits the satisfaction of the objectives and benefits of full and complete fact-finding articulated above. The importance of the functions to be performed by the Commissioner and by the parties cannot be overstated. A failure on the part of the Commissioner to make findings will often compel this Court to remand the case to the Commissioner with an order to comply with the mandate of § 99. *See Smith*, 438 A.2d at 1278–79; *Gallant v. Boise Cascade Paper Group*, Me., 427 A.2d 976, 977 (1981). A party's failure to submit proposed findings may deprive him of his right to receive additional findings of fact and conclusions of law because this dereliction in meeting the Commissioner's order may justify the Commissioner's denial of the request for findings or allow the Commissioner to view the request as withdrawn. *Leo*, 438 A.2d at 926. The Commissioner may also have the authority to set in motion the procedures for adjudicating a party in contempt, in an appropriate case, for failure to comply with an order of the Commission. 39 M.R.S.A. § 93(5); *see Leo*, 438 A.2d at 927 n.7.

■ It follows that when the error asserted on appeal is the Commissioner's failure to satisfy a § 99 request, the reasons underlying the Commissioner's failure to make findings must be evident from the record so that we can evaluate the propriety of the Commissioner's inaction. *See Leo*, 438 A.2d at 927 (record insufficient to determine whether the Commissioner's denial of request for findings was proper). In short, the issue on appeal is whether the failure to render additional findings pursuant to § 99 relates to the neglect of the Commissioner in not making the findings or the neglect of the parties in not submitting proposed findings. Moreover, since under § 99 the running of the time for taking an appeal is terminated by a motion for further findings, some final action on a motion for additional findings is necessary in order for this Court to ascertain whether an appeal is premature or otherwise untimely.

■ Since a party must initially request additional findings and the requesting party has the greatest motivation in seeing

---

**3.** Although proposed findings serve an important function, their role is a limited one. As we noted in *Leo*:

> Proposed findings submitted by counsel, however, should never be considered as more than suggestions for the assistance of the Commissioner. They should not be used to supplant the Commissioner's own independent analysis, judgment and determination of the facts and law at issue.

(Citation omitted.) *Leo v. American Hoist & Derrick Co.*, 438 A.2d at 926.

that such findings are made,[4] we hold that the ultimate responsibility rests upon the requesting party to assure that some type of action on the § 99 request is taken so that an adequate record is developed for a reviewing court to ascertain whether the Commissioner's failure to make findings is wrongful. Inasmuch as a party must request findings in order to give rise to the Commissioner's statutory duty to make findings, he also bears the continuing obligation to follow through on this request by submitting proposed findings when so ordered by the Commissioner and by assuring that some positive action is taken with respect to the request for findings. A number of options are available to the party in this respect. For example, after the submission of proposed findings as ordered and upon the expiration of a reasonable period within which the Commissioner could render findings, a party could seek a ruling from the Commissioner as to the basis for his noncompliance with the request for findings.[5] Also, given the confusion in practice that occurs when no time deadline is set for the submission of proposed findings, a party could request that the Commissioner set a submission deadline for proposed findings. Indeed, the Commissioner is well advised to prescribe, *sua sponte*, periods for the submission of proposed findings. We further hold that when a party fails to take any action following a request for findings and simply appeals to the Law Court,[6] the notice of appeal is to be viewed by the Commissioner as a withdrawal of the request for additional findings, thereby precluding any assertion of error based on the Commissioner's failure to comply with a § 99 request.

In the case at bar, the employee requested findings from the Commissioner. The employee, however, failed to respond to the Commissioner's request for proposed findings and instead pursued the instant appeal. In light of the discussion above, we find no error in the Commissioner's failure to make additional findings and no merit in the employer's contention that we are without jurisdiction on appeal.

## II.

In *Coty III*, we expressed concern that the Commissioner misconstrued the legal meaning of earning capacity by his apparently equivalent use of the terms "wage loss", "earnings" and "earning capacity." *Coty III*, 423 A.2d at 526. We remanded the case with the mandate that the Commissioner "make further findings of fact and conclusions of law on the basis of the present record...." *Id.* at 527. We also noted that the Commissioner should make *full* findings and that the parties should submit proposed findings. Because we find that the Commissioner and the parties have less than fully complied with our previous directions and that the Commissioner's decision raises doubts as to the proper applica-

---

4. The inducement is great for the losing party below to seek additional findings of fact and conclusions of law from the Commissioner. When full findings are made, this Court will *not assume* that the Commissioner made certain factual findings or applied certain legal principles. Rather, we review "the actual findings made and the legal principles actually applied." *Smith*, 438 A.2d at 1278; *see Gallant*, 427 A.2d at 977. Specific findings aid the party prevailing below in that clarity of decision serves to avoid the confusion emanating from decrees such as is manifested in the *Coty* line of appeals. By requesting findings and submitting proposed findings, the prevailing party has the opportunity to influence the degree of exactness of the decision he seeks to have upheld on appeal. Moreover, where the prevailing party fails to submit proposed findings as ordered by the Commissioner and additional findings are

not made, we need not apply "the rule of convenience", *Gallant*, 427 A.2d at 977, by which we assume that the Commissioner made those findings necessary to support his decision and test such findings against the evidence in the record.

5. The Commissioner's failure to articulate a basis for his failure to make findings when proposed findings are submitted will in most instances result in a remand of the action to the Commission.

6. Since entry of a *pro forma* decree by the Superior Court can be for purposes other than review of the Commissioner's decision, *e.g.*, enforcement of the award, the rendering of a *pro forma* decree does not act as a withdrawal of a request for further findings.

tion of legal principles, we must once again vacate and remand.

The substance of the Commissioner's decision following our remand in *Coty III* has been set out *supra* at 357. Several aspects of the Commissioner's decision are troubling. First, the Commissioner concludes that Coty was not partially disabled during the period from January 1, 1975 to August 15, 1975. This conclusion is apparently based on the finding that Coty stayed away from certain work assignments not because he was unable to carry them out because of his injury but rather because he disliked those particular tasks. The Commissioner then finds with respect to the period from August 15, 1975, to December 30, 1975, the period at issue on appeal, that Coty "*continued* to have *substantial work capacity*" and that Coty "probably was *precluded by his knee injury* from heavy labor." (Emphasis added.)

The findings that can be drawn from the above noted language of the decree are as follows:

(1) Coty's level of incapacity, if any, is the same for both time periods;

(2) Coty has "substantial work capacity";

(3) Coty is precluded from heavy labor because of his injury; and

(4) Coty stayed away from jobs he disliked.

We find it difficult to understand, *given the lack of a fully articulated basis of decision*, why a worker precluded from heavy labor and possessing only substantial work capacity can be viewed as without any disability. *See Matthews v. Boss*, Me., 389 A.2d 32, 35 (1978) (finding of "substantial capacity for work" could be interpreted as concluding that employee has residual incapacity as well as light work capacity); *St. Amand v. Edwards Manufacturing Co.*, Me., 386 A.2d 730, 731 (1978) (finding of employee's limitations as "negligible and nondisabling" coupled with a suggestion to seek employment and if unsuccessful seek further compensation is a finding of some incapacity). Moreover, we are unsure of the significance of Coty's indolent work habits with respect

to the Commissioner's findings. An employee's decision not to work does not necessarily preclude a finding of some degree of loss of earning capacity. *See Levasseur v. T. S. Pinkham, Inc.*, Me., 288 A.2d 99 (1972); *see also Rugan v. Dole*, Me., 396 A.2d 1003, 1005 (1979) (employee who has returned to work without diminution in his wage earning capacity and is later laid off for reasons not associated with his disability may nevertheless be entitled to compensation for disability related to inability to find work). Further, Coty's ability to earn wages during the first period of claimed disability does not preclude a finding of diminished earning capacity. *Coty III*, 423 A.2d at 526.

The correct application of the rule that post-injury earnings are not dispositive of the issue of earning capacity is also brought into question by the finding of the Commissioner that Coty could have "obtained work which *paid him* as much or more than *he earned before he was hurt*." (Emphasis added.) In *Coty III*, we found fatal the Commissioner's reference to prior earnings as manifesting its use as dispositive of the measure of current earning capacity. Given the past history of this case and the failure to make findings sufficient to allay our concerns noted in *Coty III*, we are compelled to remand the case to the Commissioner.

On remand, the Commissioner *shall* make full findings of fact and conclusions of law on the existing record. The findings should include discussion of the following matters.

(A) The effect, if any, of Coty's failure to perform certain work tasks while employed by the Town upon the finding of the level of earning capacity;

(B) The extent of the disabling effect, if any, of Coty's knee injury;

(C) The extent of Coty's knee injury upon his ability to work;

(D) The range of employment available to Coty in light of his medical disability and the effect, if any, of work availability on the finding of the level of earning capacity; and

(E) The evidence of record supporting the findings made by the Commissioner.

In order to assist the Commissioner in making findings of fact and conclusions of law, the parties *shall* provide to the Commissioner *extensive* proposed findings. These proposed findings shall be submitted no later than 21 days after the issuance of the mandate herein.

The entry is:

Judgment of the Superior Court vacated.

Remanded to the Workers' Compensation Commission for further proceedings in accordance with the opinion herein.

It is ordered that the parties submit extensive proposed findings to the Workers' Compensation Commission within 21 days of the issuance of the mandate herein and that the Commissioner make full findings of fact and conclusions of law following the submission of the proposed findings.

Counsel fees for employee's counsel are denied.

All concurring.