**Henri P. DUBE**

v.

**PARADIS PULP AND LOGGING CO., INC., et al.**

Supreme Judicial Court of Maine.
Argued March 16, 1984.
Decided March 15, 1985.

Rudolph T. Pelletier (orally), Madawaska, for plaintiff.

Cuddy & Lanham, Kevin Cuddy (orally), Bangor, for defendants.

Before NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ., and DUFRESNE, A.R.J.

NICHOLS, Justice.

The employee, Henri Paul Dube, seeks review of a decision of the Appellate Division of the Workers' Compensation Commission which affirmed a Commission decree reducing his compensation.

We sustain his appeal.

The employee was injured while working as a woodsman for the employer, Paradis Pulp and Logging Company, Inc. of Portage Lake, on August 29, 1979, and he began receiving compensation for total dis-

ability. About one year later the employer filed with the Commission a petition for review of incapacity, pursuant to 39 M.R.S.A. § 100 (Supp.1979–84). After taking testimony, the Commission concluded that the employee was 75% disabled and adjusted his compensation accordingly.

On October 29, 1981, the employer again petitioned for review of incapacity. The Commission held two hearings, at which a total of three witnesses testified: the employee, his regular physician, and a second physician who examined the employee at the request of the insurance carrier. On June 24, 1982, the Commission rendered its decision. It found that the employee's condition had improved since the last decree and that he was currently only 25% disabled.

Thereupon the employee moved for specific findings of fact and separate conclusions of law. Both he and the employer submitted proposed findings of fact and conclusions of law. The Commission adopted neither proposal. Instead, in a document denominated "Findings of Fact and Conclusions of Law," it simply reiterated the conclusions provided in its June decree.

The employee appealed to the Appellate Division, which affirmed. We granted the employee's petition for appellate review.

■ The Commission unquestionably erred in refusing to make any genuine findings of fact. 39 M.R.S.A. § 99. The Commission thus lost the opportunity to "reconsider, revise or reverse" its decision and thereby to correct possible error before the case reached the appellate level. *Smith v. Young Women's Christian Association,* 438 A.2d 1276, 1278 (Me.1982).

■ Generally, when confronted with such a refusal, our recourse is to vacate and remand for specific findings of fact, so that we might have an adequate basis for review. *Coty v. Town of Millinocket,* 444 A.2d 355 (Me.1982); *Gallant v. Boise Cascade Paper Group,* 427 A.2d 976 (Me.1981). However, we make an exception when the record on appeal provides a sufficient foundation for appellate review. *Leo v. American Hoist & Derrick Co.,* 438 A.2d 917 (Me.1981). Here, after examining the record, we have no trouble concluding that the Commission's conclusions, however arrived at, were clearly erroneous.

■ We may disturb the Commission's findings only where there is no competent evidence in the record to support them. *Martin v. Scott Paper Co.,* 434 A.2d 514, 518 (Me.1981). Here the record contains no evidence whatsoever that the employee's condition had improved since the Commission's previous decree. Indeed all the comparative evidence, medical or otherwise, indicates that there was no improvement. Although there was testimony that the employee worked steadily one night a week and occasionally worked one additional night during the week, the record is barren of any hint that this represented an improvement in his earning capacity since the earlier decree.

■ The employer, as petitioner, had the burden of demonstrating that the employee's earning capacity had changed for the better since the Commission last entered a decree or approved an agreement. *Severy v. S.D. Warren Co.,* 402 A.2d 53, 55 (Me.1979). Because the employer manifestly failed to meet its burden, its petition should have been denied. *See Rugan v. Dole Co.,* 396 A.2d 1003 (Me.1979).

The entry is:

Appeal sustained.

Decision of the Appellate Division vacated.

Remanded to the Appellate Division with directions to remand to the Commission for entry of a decree denying the petition for review of incapacity.

Further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550.00 together with his reasonable out-of-pocket expenses for this appeal.

All concurring.