JOURNAL ENTRY AND OPINION
On March 29, 2000, defendant-appellant, Herbert L. Dowery, was arrested and charged with five misdemeanor offenses: disorderly conduct, in violation of Euclid Codified Ordinance 545.01(a)(1); assault, in violation of Euclid Codified Ordinance 537.02(A); menacing, in violation of Euclid Codified Ordinance 537.05(A); aggravated menacing, in violation of Euclid Codified Ordinance 537.04(A); and carrying a concealed weapon, in violation of Euclid Codified Ordinance 571.02. The prosecutor subsequently nolled the menacing charge.
After a one-day trial, the jury found appellant guilty of disorderly conduct, aggravated menacing and carrying a concealed weapon. The jury found appellant not guilty of assault.
On July 20, 2000, the trial court sentenced appellant to a $50 fine on the disorderly conduct charge. The trial court also sentenced appellant to fifteen days in jail, suspended, one year of active probation on the condition that appellant complete an anger management class and a $50 fine on the aggravated menacing charge. With respect to the charge of carrying a concealed weapon, the trial court sentenced appellant to fifteen days in jail, suspended, one year of active probation on the conditions that appellant complete forty hours of community service and undergo a psychological examination and an alcohol assessment and a $75 fine plus costs.
Appellant timely appealed, raising four assignments of error for our review:
 I. THE TRIAL COURT ERRED IN ITS INSTRUCTIONS REGARDING THE OFFENSE OF CARRYING A CONCEALED WEAPON.
 II. THE TRIAL COURT ERRED IN ITS INSTRUCTIONS REGARDING THE OFFENSE OF AGGRAVATED MENACING.
 III. THE CITY COMMITTED PROSECUTORIAL MISCONDUCT WHEN IT COMMENTED ON MR. DOWERY'S FAILURE TO CALL MR. CALABRESE AS A WITNESS.
 IV. MR. DOWERY WAS DENIED HIS RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN HIS ATTORNEY FAILED TO OBJECT TO THE TRIAL COURT'S INCORRECT JURY INSTRUCTIONS AND TO THE PROSECUTOR'S IMPROPER ARGUMENT.
 We dismiss, however, for lack of jurisdiction. Jurisdiction of an appellate court on appeal depends upon the existence of a final appealable order. State v. Matthews (1998), 81 Ohio St.3d 375; Lima v. Elliot (1964), 6 Ohio App.2d 243, 244.
Crim.R. 32(C) provides:
 A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.
Interpreting this rule in State v. Tripodo (1977), 50 Ohio St.2d 124, the Supreme Court of Ohio stated, Crim.R. 32[C] now requires that a judgment in a criminal case be reduced to writing signed by the judge and entered by the clerk.
Here, each charge was set forth in a separate citation which contained designated spaces for entry of the trial court's orders regarding each charge. The record reflects that although the trial judge signed orders regarding the disposition of the disorderly conduct, menacing and carrying a concealed weapon charges, the judge did not sign an order indicating that the jury found appellant not guilty of the assault charge. Similarly, the trial judge did not sign an order regarding the guilty verdict on the aggravated menacing charge and the sentence imposed by the trial court with respect to this charge. Although the clerk apparently journalized the entries, without a signature from the trial judge, the entries are not final. Therefore, we do not have a final appealable order, and, accordingly, dismiss for lack of jurisdiction.
This appeal is dismissed.
It is, therefore, ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to the Euclid Municipal Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ TIMOTHY E. McMONAGLE, JUDGE:
DIANE KARPINSKI, A.J. and TERRENCE O'DONNELL, J., CONCUR.