**Ralph GALLANT**

v.

**BOISE CASCADE PAPER GROUP and Employers Insurance of Wausau.**

**Ralph GALLANT**

v.

**ETHYL CORPORATION and Travelers Insurance Company.**

Supreme Judicial Court of Maine.

Argued Jan. 5, 1981.

Decided April 7, 1981.

Preti, Flaherty & Beliveau, Keith A. Powers, Portland (orally), Preti, Flaherty & Beliveau, Albert J. Beliveau, Jr., Rumford, for plaintiff.

Norman & Hanson, Theodore H. Kirchner (orally) and John M. Wallach, Portland, for Boise Cascade.

Robinson & Kriger, Sarah A. Thornton and Roland Beaudoin, Portland, for defendant.

Before WERNICK, GODFREY, NICHOLS, GLASSMAN, ROBERTS and CARTER, JJ.

GLASSMAN, Justice.

Ralph Gallant was injured in 1974 while employed as a sheet metal worker for Ethyl Corporation. He received compensation for total incapacity from Ethyl's insurance carrier, Travelers Insurance Company, until May 29, 1978. Gallant claimed that his injury was aggravated in 1978 while he was employed as a process controller in the laboratories of Boise Cascade Paper Group. He filed a petition for award of compensation against Boise and its insurer, Employers Insurance of Wausau, and simultaneously filed a petition for further compensation against Ethyl and its insurer, Travelers. After a joint hearing on these petitions, the Workers' Compensation Commission found that as a combined result of the 1974 and 1978 injuries Gallant was totally disabled. Unable to determine the extent to which each injury contributed to his total incapacity, the Commission determined that compensation should be apportioned equally between the two employers. A single decision to that effect issued from the Commission on February 21, 1980.

The Commission's decision, ruling on both the petition for further compensation and the petition for award of compensation, was confirmed by two pro forma decrees in the Superior Court, Oxford County. One pro forma decree was presented to the court by Boise, and the other was presented by Gallant. This appeal followed. Because of the Commission's failure to make requested findings of fact and conclusions of law, we vacate the pro forma decrees and direct the Superior Court to remand this matter to the Commission for further proceedings.

Following the Commission's decision, both Boise and Gallant filed timely requests that the Commission make specific findings of fact and conclusions of law pursuant to 39 M.R.S.A. § 99. In a written order ruling upon these motions, the Commission stated: "This Motion is hereby denied as detailed Findings of Fact have been made and no further findings are warranted or necessary."

Prior to 1978, the Commission had an affirmative duty to make specific factual findings in order to enable the Law Court "to determine whether competent evidence supports the commission's decision and whether its decree is based either upon a misapprehension of fact or a misapplication of law to the facts." *Dufault v. Midland-Ross of Canada, Ltd.*, Me., 380 A.2d 200, 203 (1977); *Guerrette v. Fraser Paper, Ltd.*, Me., 348 A.2d 260, 262 (1975). In 1978, the Legislature amended 39 M.R.S.A. § 99 to give the Commission the option of not making written findings of fact and conclusions of law unless specifically requested to do so. P.L. 1978, ch. 632. *See Sutherland v. Pepsi-Cola Bottling Co.*, Me., 402 A.2d 50 (1979). The intent of the amendment was to facilitate the making of Commission decisions. If a party felt aggrieved by a summary decision, it could by motion require the Commission to state its findings of fact and conclusions of law based upon those findings. Counsel could thus obtain an adequate foundation for appellate review. *See* Statement of Purposes, Leg. Doc. No. 2010, 108th Leg., 2d Sess. (1977). The statute places an affirmative duty upon the Commission, when requested, to file findings of fact and conclusions of law. 39 M.R.S.A. § 99 provides in pertinent part:

The commissioner shall, upon the request of a party made as a motion within 10 days after notice of the decision, or may upon its own motion find the facts specially and state separately its conclusions of law thereon .... *Id.*

In cases in which factual findings are not made because not requested, we treat the Commissioner "as having made whatever factual determinations could, in accordance with correct legal concepts, support his ultimate decision, and we inquire whether on the evidence such factual determinations must be held clearly erroneous." *Gorrie v. Elliott Jordan & Son*, Me., 408 A.2d 1008, 1011 (1979). This is a rule of convenience adopted to implement the legislative objective while at the same time permitting appellate review of clear error in those cases in which there is no legal obligation upon the Commission to make findings.

Those parties before the Workers' Compensation Commission who desire stricter appellate review of the Commission's fact-finding and legal analysis may by motion require the Commission to state specific factual findings and legal conclusions. If the Commission fulfills its statutory obligation, there is no occasion for this Court to assume that the Commission made certain factual findings or applied certain legal standards. Rather, the Court is in a position to review the factual findings actually made and the legal standards actually applied. When the Commission fails to fulfill its statutory obligation to make findings of fact and conclusions of law upon request, it denies to the parties the strict appellate review of Commission decisions to which they are entitled. We conclude, therefore, when a party has requested specific findings of fact and conclusions of law and the Commission has wrongfully failed to fulfill its responsibility to make such findings and conclusions, the case must be remanded to the Commission.

This case presents a classic demonstration of the necessity for such a rule. The deci-

sion of the Commission was that Gallant had sustained "a new injury to the left leg and groin." Without specific findings of fact, we do not know what that new injury was or how it occurred. Although the evidence may be sufficient to support that ultimate conclusion if we were to assume certain factual findings had been made by the Commission, a question upon which we intimate no opinion, Boise is entitled to have us review the actual findings, not assumed findings.

The Commission also ruled that Gallant sustained "an aggravation of that injury." Presumably, by "that injury" the Commission was referring to the earlier injury Gallant had sustained while in the employ of Ethyl. Again, we are unable to determine the actual factual findings made by the Commission in support of that ultimate conclusion. Moreover, we do not know whether the Commission applied the correct legal concept of aggravation. The true parameters of that legal concept are not free from doubt. *See, e. g., Parlin v. G. H. Bass & Co.*, Me., 423 A.2d 948 (1980); *Hamm v. University of Maine*, Me., 423 A.2d 548 (1980). Since we are unadvised as to the Commission's understanding of the legal concept of aggravation, we have no way of determining whether it applied the correct legal standard.

Although the Commission concluded that Gallant was totally incapacitated and that liability for that incapacity should be apportioned equally between Boise and Ethyl, the decision appeared to direct Ethyl to pay a weekly compensation of $57.93 while at the same time directing Boise to pay compensation at the weekly rate of $100.00. We are uninformed from the decision of the Commission by what process of legal reasoning two employers whose liability for a single indivisible incapacity has been equally apportioned can pay compensation at different rates. *See Kidder v. Coastal Construction Co.*, Me., 342 A.2d 729 (1975).

Similar uncertainties exist in the Commission's ruling on Boise's defense that the employee failed to give notice of his injury within thirty days as required by 39 M.R. S.A. § 63. The Commission decision states that "Boise Cascade had adequate knowledge that the injury was work related." It also contains an express finding that "adequate notice was given." We cannot tell whether the Commission found compliance with Section 63 or whether it determined that compliance was excused because the employer had knowledge of the injury. *See* 39 M.R.S.A. § 64.

For all of these reasons, we conclude that this matter must be remanded to the Commission for further proceedings. Ordinarily, we would merely direct that this matter be remanded to the Commission in order that it might fulfill its statutory responsibility to make the necessary findings of fact and conclusions of law. In the instant case, we are aware that the Commissioner who heard this matter is no longer a member of the Workers' Compensation Commission. For that reason, we direct that the Commission afford the parties a completely new hearing on both the petition for award and the petition for further compensation.

The entry is:

Pro forma decrees vacated.

Remanded to the Superior Court for remand to the Workers' Compensation Commission with directions for further proceedings consistent with the opinion herein.

It is further ordered that the employers pay to the employee $550 for his counsel fees plus his reasonable out-of-pocket expenses for this appeal, one-half to be paid by each employer.

All concurring.