**Janice LOWE**

v.

**C. N. BROWN COMPANY and Commercial Union Companies.**

Supreme Judicial Court of Maine.

Argued June 11, 1981.

Decided July 10, 1981.

Law Offices of Joseph L. Bornstein, Elizabeth A. Marean (orally), Portland, for plaintiff.

Norman & Hanson, Stephen W. Moriarty (orally), Robert F. Hanson, Portland, for defendants.

Before McKUSICK, C. J., GODFREY, ROBERTS and CARTER, JJ., and DUFRESNE, A. R. J.

DUFRESNE, Active Retired Justice.

Janice Lowe, an employee of C. N. Brown Company, has appealed from the judgment

entered on the pro forma decree of the Superior Court, Cumberland County, which affirmed a decision of the Workers' Compensation Commission granting the employer's Petition for Review of Incapacity and denying the employee's Petition to Determine Extent of Permanent Impairment. We sustain the appeal, vacate the judgment and direct the Superior Court to remand the case to the Commission for further proceedings.

On October 20, 1978, Janice Lowe, while working for C. N. Brown Company at her job as a gas station attendant, fell and injured her shoulder. Tendonitis resulted, with concomitant pain and swelling. The employee and employer entered into an open-ended agreement for compensation for total incapacity to be paid by the employer's insurance carrier, Commercial Union Companies, from the date of the injury forward.

On April 20, 1979, the employer filed a Petition For Review of Incapacity. On May 23, 1979, the employee filed a Petition to Determine Extent of Permanent Impairment. On November 28, 1979, the Workers' Compensation Commission conducted an evidentiary hearing on the two petitions. The Commission issued a decree granting the employer's petition, ordering termination of compensation as of January 30, 1980, the date of the Commission's decree, and denying the employee's petition.

Within ten days after receiving notice of the decision, the employee filed a motion, pursuant to 39 M.R.S.A. § 99, to require the Commissioner to find the facts specially and to state separately his conclusions of law. This motion, however, inaccurately referenced the content of the Commission's decree as the denial of a *Petition for Award*. On February 22, 1980, the Commissioner who had presided at the hearing on the petitions and who had drafted the decree denied the employee's motion for findings of fact and conclusions of law on the ground that no Petition for Award of Compensation had been filed by the employee, and that, hence, her section 99 motion for findings had been filed in error.

On February 27, 1980, more than ten days after receiving notice of the Commission's original decree, but within ten days of the denial of her motion requesting findings, the employee filed an amended request for findings, correctly identifying the substance of the decree. The same Commissioner denied the amended motion as being untimely filed.

It is from the ensuing judgment entered on the pro forma decree in the Superior Court[1] that the employee has brought the present appeal.

We have found it unnecessary to deal with the particulars of the medical and other evidence adduced at the hearing before the Commission in November, 1979, and find it inappropriate to reach the merits of this appeal, because we have concluded that the Commissioner erred in refusing to issue findings of fact and conclusions of law pursuant to 39 M.R.S.A. § 99. *Cf. Gallant v. Boise Cascade Paper Group*, Me., 427 A.2d 976, 977 (1981). We do not have before us a proper record for appellate review and must remand the case to the Commission in order that it might fulfill its statutory responsibility to make the necessary findings of fact and conclusions of law. *Id.* at 978.

■ In *Gallant*, we recently explicated the history and present requirements of section 99[2] and the effect of those requirements on appellate review of decisions of

---

1. The pro forma decree in this case was issued by the Superior Court in February, 1981. A prior decree issued in April, 1980, failed to incorporate the substance of the Commission's decree, and we remanded the case to the Superior Court for compliance with our ruling in *Murphy v. City of Bangor*, Me., 422 A.2d 1013 (1980).

2. 39 M.R.S.A. § 99 provides, in pertinent part:

The Commissioner *shall*, upon the request of a party made as a motion within 10 days after notice of the decision, or may upon its own motion find the facts specially and state separately its conclusions of law thereon .... (emphasis added)

the Workers' Compensation Commission. We find no need to reiterate now what we fully explored in *Gallant.* It suffices for us to say that where the Commission has not exercised its option to make sufficient specific factual and legal findings and where a party has made a timely motion to require such findings, the Commission has a statutory obligation, pursuant to the mandatory "shall" wording of section 99, to find the facts specially and to state separately its conclusions of law. *Gallant v. Boise Cascade Paper Group, supra.* The Commission's failure to issue such findings upon timely request denies to the parties the strict appellate review of Commission decisions to which they are entitled. *Id.*

 The only issue for discussion in this case is whether the employee did, in fact, make a timely request pursuant to section 99, thus triggering the Commission's statutory obligation to make findings. The employer concedes that the employee's first motion pursuant to section 99 was filed within ten days of receipt of notice of the Commission's decree, and thus was timely. However, the employer argues that, because the employee incorrectly referenced the content of the decree, the employee did not comply with section 99, and the Commissioner correctly denied the motion. We disagree.

In light of the facts, (1) that the Commissioner who denied the motion as filed in error had issued the decree in the case a bare two weeks before the motion for findings was filed, and (2) that the employee's section 99 motion was correctly captioned and did correctly reference the date of the decree, we find that the employee had substantially complied with the section 99 requirement of a "request" for findings. The employee's inaccurate characterization of the content of the decree was an obvious and insubstantial mistake; the employee's motion by caption and date sufficiently identified the *only* relevant decree in the ongoing litigation between the employer and employee as to trigger the Commis-

sion's statutory duty to issue findings. In denying the employee's motion on the basis of a technical and insubstantial error, the Commissioner denied the employee the opportunity to bring a complete factual and legal record to this Court for review. *See Gallant v. Boise Cascade Paper Group, supra.*

Because we find that the Commission erred in denying the employee's first motion pursuant to section 99, we find it unnecessary to reach the further question, whether there was error in the Commission's denial, as untimely, of the employee's amended request for findings.

The entry will be:

Judgment of the Superior Court on the pro forma decree vacated.

Remanded to the Superior Court for further remand to the Workers' Compensation Commission with directions for further proceedings consistent with the opinion herein.

It is further ordered that the employer pay to the employee $550.00 for her counsel fees, plus her reasonable out-of-pocket expenses for this appeal.

All concurring.