Shawn LADNER

v.

MASON MITCHELL TRUCKING CO.
and St. Paul Insurance Company.

Vivian WILLIAMS et al.

v.

MASON MITCHELL TRUCKING CO.
and St. Paul Insurance Company.

Supreme Judicial Court of Maine.

Argued May 6, 1981.
Decided Aug. 24, 1981.

Cloutier, Joyce, Dumas & David, Patrick E. Joyce (orally), Livermore Falls, for Shawn Ladner.

James P. Dunleavy, Lydia Romer (orally), Presque Isle, for Williams.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Warren E. Winslow, Jr., Augusta, for defendant.

Before WERNICK, GODFREY, ROBERTS and CARTER, JJ.

CARTER, Justice.

Following the work-related death in 1979 of the employee, Earl Ladner, Jr., the Workers' Compensation Commission determined that the following were entitled to death benefits (pursuant to 39 M.R.S.A. § 58): (1) Shawn Ladner, the employee's widow; and (2) Corinna Ladner, Darci Ladner, and Bryan Ladner, the employee's three minor children from the previous marriage of the employee and Vivian Williams. The Commission awarded equal shares (25%) of the death benefits to each of these four dependents. From a pro forma decree affirming the Commission's decision, Shawn Ladner appeals, and the children cross-appeal. We sustain the appeal, deny the cross-appeal, and remand for further proceedings before the Commission.

The issues before us are the following: (1) Is proof of emotional or psychological dependence of a child upon the deceased employee sufficient to make the child a "dependent" of the employee as defined in 39 M.R.S.A. § 2(4)?[1] (2) Is proof of the employee's bare legal obligation to pay child support for his minor children sufficient to make the children "dependents" as defined in 39 M.R.S.A. § 2(4)? (3) Did the Commissioner err by excluding evidence at the hearing of the widow's means of support after the employee's death?

The employee married Vivian Williams in 1969; they were divorced on May 31, 1977. Custody of their three minor children, Corinna, Darci and Bryan, was awarded to Vivian, and the employee was ordered by the District Court to pay $10 per week per child, plus medical, dental and optometrical expenses, as child support. No payments were ever made to Vivian. Vivian applied for Aid to Families with Dependent Children (AFDC) sometime in 1977, assigning to the Department of Human Services her right to child support pursuant to 19 M.R.S.A. § 512. Vivian received $275 per month plus medical and dental expenses ($1,000 in 1977) in AFDC benefits up to the time of the employee's death (June 1, 1979).

After the divorce, the employee visited his children, and occasionally gave them clothes and gifts. The evidence supports the Commission's factual finding that the employee's total direct contributions amounted to less than $50 per child per year following the divorce.

On March 31, 1978, the employee married Shawn Ladner, with whom he lived up until the time of his death.

The Commissioner ruled that the widow was entitled to the conclusive presumption of total dependency found in 39 M.R.S.A.

---

1. In pertinent part, 39 M.R.S.A. § 2(4) states:

    4. Dependents. "Dependents" shall mean members of an employee's family or next of kin who are wholly or partly dependent upon the earnings of the employee for support at the time of the injury. The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:

    .  .  .  .  .

    C. A child or children, including adopted and stepchildren, under the age of 18 years, or under the age of 23 years if a student, or over the age of 18 years but physically or mentally incapacitated from earning, upon the parent with whom he is or they are living, or upon whom he is or they are actually dependent in any way at the time of the injury to said parent, there being no surviving dependent parent, "child" shall include any posthumous child whose mother is not living and dependent. In case there is more than one child dependent, the compensation shall be divided equally among them.

§ 2(4)(A). The Commissioner rejected the children's "emotionally dependent" argument. He found that the employee's gifts to the children were insufficient to establish that any of the children were actually dependent upon the employee's earnings. However, the Commissioner found that the children were actually dependent upon the employee because of the employee's legal obligation to support them, notwithstanding the employee's failure to satisfy that obligation. Therefore, the children were entitled to be conclusively presumed wholly dependent under 39 M.R.S.A. § 2(4)(C).

■ The widow moved for specific findings of fact and conclusions of law pursuant to 39 M.R.S.A. § 99. The Commissioner responded by repeating his original decree.[2] Therefore, rather than assume that the Commissioner made certain factual findings or applied certain legal standards, we must apply "stricter appellate review" and review only "the factual findings actually made and the legal standards actually applied." *Gallant v. Boise Cascade Paper Group*, Me., 427 A.2d 976, 977 (1981).

### I.

Death benefits are payable to "dependents of the employee, dependent upon his earnings for support at the time of his injury...." 39 M.R.S.A. § 58. "Dependents" is defined as "members of an employee's family or next of kin who are wholly or partly dependent upon the earnings of the employee for support at the time of the injury." 39 M.R.S.A. § 2(4). Section 2(4) further provides that a child not living with the employee but who is "actually dependent *in any way* [upon the employee] at the time of the injury" shall be "conclusively presumed to be wholly dependent for support upon a deceased employee." (Emphasis added.)

The children argue that proof of emotional or psychological dependence is sufficient to prove that a child is "actually dependent

in any way." The Commissioner properly rejected that argument.

■ The basic purpose of the Workers' Compensation Act is to provide compensation for loss of *earning* capacity; " '[i]n compensation, unlike tort, the only injuries compensated *for* are those which *produce* disability and thereby presumably affect earning power.' " *Cook v. Colby College*, 155 Me. 306, 310, 154 A.2d 169, 171 (1959), *quoting* A. Larson, *Workmen's Compensation* § 2.40. Both section 58 and section 2(4) speak of dependency upon the employee's *earnings* for support at the time of the injury.

■ A fundamental precept of statutory construction is that to discover a statute's intendment one must look to the Legislature's intent. *Schwanda v. Bonney*, Me., 418 A.2d 163, 165–66 (1980). To ascertain the Legislature's intent, one must consider all parts of the statute in question. *Reggep v. Lunder Shoe Products Co.*, Me., 241 A.2d 802, 805 (1968). In light of the purpose of the Act and the specific references to dependency upon earnings, we cannot interpret "dependent in any way" so broadly as to encompass emotional or psychological dependency.

### II.

■ The Commission found that the employee's direct contributions of under $50 per child per year after the divorce were "insufficient to establish that any one of the three minor [children] were dependent in fact upon the earnings of the deceased employee." We have held that "[t]he mere reception of assistance in the form of contributions . . . does not of itself create dependency. The controlling test is, was the assistance relied upon by the claimant for his or her reasonable means of support and suitable to his or her position in life." *Drouin v. Ellis C. Snodgrass Co.*, 138 Me. 145, 149, 23 A.2d 631, 633 (1941). The

---

2. The parties do not raise any issue on appeal as to the propriety of the Commissioner's response. We therefore do not decide whether the Commission fulfilled its statutory obligation

to make findings of fact and conclusions of law upon request. *See Gallant v. Boise Cascade Paper Group*, Me., 427 A.2d 976, 977 (1981).

claimant's burden of proving actual dependency in any way was not sustained in *Drouin* "by evidence which merely showed that the deceased employee had made small annual contributions in the form of gifts in or near the holiday season to his daughter through her grandmother and for a time had defrayed her expenses in a convent." *Id.* at 149, 23 A.2d at 633. Thus, there was competent evidence to support the similar finding in the instant case.

■ The Commissioner went on to find that the record suggests that the employee defaulted on all his divorce judgment obligations. He stated that:

Although many jurisdictions have held that the mere existence of a legal obligation to support minor children will not of itself satisfy the workers' compensation dependency requirements it is illogical to think that benefits of the Workers' Compensation Act were intended to be withheld from dependents of an injured worker who simply refused to support them.

.    .    .    .    .

Given the evidence with respect to the legal obligation to support these three minor claimants imposed by our courts upon the deceased employee, notwithstanding his failure to satisfy those obligations, the Commission finds as a matter of law that the dependency status of the three minor claimants was not destroyed by the deceased employee's illegal conduct.

Here, the Commissioner applied an improper legal standard. We have recently reaffirmed that dependency under the Act requires, in addition to a duty to support, " 'some evidence of a reasonable probability and expectation that the obligation . . . will be fulfilled and thereby have some real as well as mere theoretical value.' " *Lavoie v. International Paper Co.*, Me., 403 A.2d 1186, 1190 (1979), *quoting Drouin*, 138 Me. at 150, 23 A.2d at 633. Since the purpose of death benefits is to compensate dependents for their *economic* loss resulting from the employee's death, if there was no reasonable expectation or probability that the employee would have in fact fulfilled his legal

obligations to the claimants, then the claimants suffered no economic loss from the employee's death and are not entitled to death benefits. *See Thomas v. Industrial Commission of Arizona*, 87 Ariz. 238, 350 P.2d 392 (1960); *C. W. Wright Construction Co. v. Brannan*, 217 Md. 397, 142 A.2d 574 (1958).

■ Of course, the absence of past actual payments by the employee is not determinative of the question of expectation or probability of future payments. It is merely one factor to be considered, along with such factors as the reasons for the employee's failure to pay, the diligence of the claimant in pursuing the obligation, and the relationship between the employee and the claimant. *See, e. g., id.; Kosmicki v. Aspen Drilling Co.*, 76 N.M. 234, 414 P.2d 214 (1966).

We do not hold that on this record the Commissioner could not find a reasonable probability and expectation that the employee would have fulfilled his obligation in the future. We hold only that the Commissioner was in error in his specific conclusion of law that the employee's legal obligation to support the minor children is alone sufficient to make the children "dependents" entitled to death benefits. We remand to the Commissioner in order that he may apply the proper legal standard.

### III.

At the February 1980 hearing, the Commissioner did not allow questions to be asked of the widow concerning her sources of income and her ability to support herself.

■ The children argue that answers to those questions would have been relevant to show whether the widow had become a "dependent of another person." Section 58 provides in part that:

If the dependent of the employee to whom compensation will be payable upon his death is the widow of such employee, upon her death or at the time she becomes a dependent of another person, compensation to her shall cease and the

compensation to which she would have been entitled thereafter, but for such death or dependency, shall be paid to the child or children, if any, of the deceased employee, ... who are dependent upon the widow at the time of her death or dependency.[3]

"Dependent of another person" is defined at 39 M.R.S.A. § 2(10) as follows:

> For purposes of the payment or the termination of compensation pursuant to section 58, a widow or widower of a deceased employee shall be the dependent of another person when over half of his or her support during a calendar year was provided by the other person.

Finally, 39 M.R.S.A. § 2(4) provides that a wife is conclusively presumed to be wholly dependent for support upon a husband with whom she lives.

■ Construing these sections together, we find that evidence of the widow's means of support before the employee's death was not relevant in light of the conclusive presumption of total dependence which arose upon proof that the widow was living with the employee. A conclusive presumption is not really a presumption at all. It is a rule of law. The nonexistence of the fact "presumed" is immaterial. *Albee's Case*, 128 Me. 126, 128, 145 A. 742, 743 (1929).

■ We also conclude that evidence of the widow's ability to support herself after the employee's death was not relevant. A widow does not become the dependent of another person when she becomes dependent upon herself. Section 2(10) was enacted and section 58 amended by P.L. 1975, ch. 701, a comprehensive act intended to conform Maine law to the Fourteenth Amendment of the United States Constitution and to Title VII of the United States Civil Rights Act of 1964 by removing gender distinctions. Section 58 previously provided that death benefits to a dependent widow would cease upon her death or remarriage, while death benefits to a dependent widower would cease upon his death. Chapter 701 replaced "remarriage" with "at the time she becomes a dependent of another person," and added the same condition to a widower's eligibility. It is clear that prior to the enactment of chapter 701, death benefits payable to a widow or widower would have continued, in the absence of remarriage, regardless of mere self-sufficiency. We do not believe that the Legislature intended to change that result when it enacted chapter 701.

The entry is:

Judgment vacated.

Remanded to the Workers' Compensation Commission for further proceedings consistent with the opinion herein.

Further ordered that each party to this appeal should bear its own counsel fees incurred in the appeal.

All concurring.

---

3. The children contend that if the widow had become the dependent of another person, then they would be entitled to her share of the death benefits. Clearly they would not be so entitled under the specific provisions of section 58; the children have never been dependent upon the widow (Shawn Ladner). We intimate no opinion as to whether the children, assuming them to be dependents of the employee, would be entitled to the widow's share, assuming her to have become the dependent of another person.