Raymond H. POMERLEAU

v.

**UNITED PARCEL SERVICE.**

Supreme Judicial Court of Maine.

Argued May 11, 1983.

Decided Aug. 22, 1983.

Marcou & Marcou by Louis R. Marcou (orally), Waterville, for plaintiff.

Richardson, Tyler & Troubh by David O'Brien (orally), Robert E. Noonan, Portland, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER *, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

The central issue in this appeal is the proper scope of review to be employed by the Appellate Division of the Workers' Compensation Commission in considering appeals from the decision of a single commissioner.

The employee, Raymond H. Pomerleau, was for eleven years a driver for United Parcel Service, the employer. Starting in the late spring of 1980, the employee began experiencing headaches, which increased in severity during the subsequent months. On September 25, 1980, the employee did not report for work due to a disabling headache. The employee visited his family physician, Dr. Joseph C. Michaud, who prescribed Valium and Fiorinal, and advised him not to return to work until he was fully recovered. He subsequently visited a psychiatrist, H. Wayne Tobin, M.D., who diagnosed his condition as "Situational Stress reaction with anxiety, moderately severe, manifested by the symptoms described above in terms of feelings of anxiety, tension, difficulty with sleep, irritability and change in behavior at home, somatic equivalence such as headaches."

After September 25, 1980, the employee did not return to work. Three months later he petitioned the Workers' Compensation Commission for an award of compensation.

During the Commission hearings which ensued, the employee testified regarding a dispute he had with the employer over his job performance in the months prior to his absence from work. He contended that the employer had stepped up pressure on him through increased supervision and warn-

---

* Carter, J., sat at oral argument and participated in the initial conference but resigned before this opinion was adopted.

ings, and that he was being harassed. He also testified that the employer had unsuccessfully attempted to fire him.

Both Dr. Michaud and Dr. Tobin testified that the employee's mental difficulties were related to stress at his place of employment. Their medical reports were also admitted into evidence. The employer offered no medical evidence or medical testimony.

On June 8, 1982, the Commissioner entered a decision awarding the employee compensation for total disability for a nine-month period beginning September 25, 1980. On motion, pursuant to 39 M.R.S.A. § 99, the Commissioner made findings of fact and conclusions of law. After recounting certain testimony of the two treating physicians, the Commissioner ruled that:

> Based on the testimony just discussed I find and conclude that the supervisory methods which were applied to improve Mr. Pomerleau's performance were gradually intensified from month to month resulting in an increased sense of pressure on the petitioner, Raymond Pomerleau. I find that the petitioner reacted to the pressure by becoming increasingly anxious and fearful which finally culminated in extreme tension and an emotional illness with physical symptoms of headaches. I find that the evidence is clear and convincing that the ordinary and usual work related pressures at United Parcel Service predominated and produced an injury to the employee.

The employer took a timely appeal to the Appellate Division of the Workers' Compensation Commission. On December 3, 1982, that body sustained the employer's appeal and denied the employee's petition for award of compensation, concluding ultimately that "we find no competent evidence on the record to support the Commissioner's conclusions of law that the employee showed 'clear and convincing evidence' that the ordinary stresses of the workplace predominated in producing the injury."

The employee then petitioned this Court for appellate review, pursuant to 39 M.R.S.A. § 103–C. We granted the petition, and we now sustain the employee's appeal.[1]

This Court first recognized the compensability of "gradual mental injury" in *Townsend v. Maine Bureau of Public Safety,* 404 A.2d 1014, 1020 (Me.1979). We adopted two alternative theories of recovery:

> Where ... the mental disability is the *gradual result of work-related stresses,* the claimant will have to demonstrate either that he was subjected to greater pressures and tensions than those experienced by the average employee or, *alternatively, by clear and convincing evidence show that the ordinary and usual work-related pressures predominated in producing the injury.*

404 A.2d at 1021 (emphasis supplied). In the present case, the Commissioner proceeded under the second prong of *Townsend* and concluded that the employee was entitled to recover for gradual mental disability.

In reversing the decision of the Commissioner the Appellate Division treated the issue of whether the evidence adduced at hearing was "clear and convincing" as a question of law. The employee contends that this was error because it was a question of fact. We agree.

▪ The determination of whether a claimant has met a required burden of proof is, as our past decisions have reiterated, a question of *fact. Guerrette v. Fraser Paper, Ltd.,* 348 A.2d 260, 262 (Me.1975); *Cote v. Allied Chemical Coatings, Inc.,* 249 A.2d 528, 530 (Me.1969); *Houle v. Tondreau Bros. Co.,* 148 Me. 189, 194, 91 A.2d 481, 483 (1952); *Robitaille's Case,* 140 Me. 121, 127, 34 A.2d 473, 475 (1943). Whether a burden of proof has been satisfied depends ultimately on the persuasiveness of evidence, and whether evidence is sufficiently persuasive is for the fact finder alone to de-

---

1. Between the entry of the original decree and the instant appeal, we decided in a separate action that the employee was entitled to prompt payment of his award notwithstanding the pendency of the employer's appeal to the Appellate Division. *Pomerleau v. United Parcel Service,* 455 A.2d 950 (Me.1983).

cide. Thus, just as the determination of whether evidence is persuasive enough to be termed "clear and convincing" properly belongs to the fact finder, *Horner v. Flynn*, 334 A.2d 194, 199–200 (Me.1975), so that question must be treated for purposes of appellate review as a determination of fact.

When the Legislature established the Appellate Division as an intermediate appellate body to review the decisions of the Workers' Compensation Commission, it did not vest that body with any broader powers of appellate review than are enjoyed by this Court. Consistent with the existing statutory restrictions on our own review of the Commission's factual findings,[2] the legislation creating the Appellate Division provided that:

> There shall be no appeal upon questions of fact found by the commission or by any commissioner.

39 M.R.S.A. § 103–B(2) (Supp.1982–1983).

The Appellate Division is not empowered to engage in de novo review of factual questions before the Commission. Rather, the role of the Appellate Division, like our own role on appeal, is "limited to assuring that the Commissioner's factual findings are supported by competent evidence, that his decision involved no misconception of applicable law and that the application of the law to the facts was neither arbitrary nor without rational foundation." *Comeau v. Maine Coastal Services*, 449 A.2d 362, 368 (Me.1982) (quoting *Hall v. State*, 441 A.2d 1019, 1021 (Me.1982). With respect to factual determinations, the Appellate Division's review for sufficiency of the evidence must be limited "to a determination of whether the record discloses any reasonable basis to support the Commissioner's decision." *Dunton v. Eastern Fine Paper Co.*, 423 A.2d 512, 516 (Me.1980).

The Appellate Division purported to substitute its own finding on this question of fact for the finding of the Commissioner by concluding that the testimony of the two treating physicians was not clear and convincing as to whether the employee's work was the cause of his mental injury. The only expert opinion proffered was that the employee's work was the cause of the injury.[3]

There is, however, sufficient competent evidence in the record to support the Commissioner's conclusion. Dr. Michaud, the employee's physician for twenty-five years, testified that he saw the employee at least seven times between October, 1980, and the date of hearing. At one point he testified: "I know that his condition was caused by his work, something around his work." He also stated: "I could tell his work was the thing that was getting this man down. Heck, I've practiced for forty-five years, and I can tell on human beings." A signed medical report by Dr. Michaud also was admitted into evidence. It stated: "This is to certify that Raymond H. Pomerleau's condition was caused by pressure of his work (United Parcel). He is receiving tranquilizers (Fiorinal and Valium) and improving."

This testimony and documentary evidence alone is sufficient competent evidence to support the Commissioner's finding. "If competent evidence in the record supports the finding, it must be upheld on appeal even if other evidence could rationally support a contrary conclusion." *Wescott v. S.D. Warren Division of Scott Paper Company*, 447 A.2d 78, 80 (Me.1982); see *Dunton*, 423 A.2d at 518.

The entry is:

Appeal sustained.

Judgment vacated.

Remanded to the Appellate Division with directions to remand to the Commission for

---

**2.** *See* 39 M.R.S.A. § 99 (Supp.1982–1983) (in the absence of fraud, the Commissioner's decision on all questions of fact is final).

**3.** This is in marked contrast with the disparate evidence before us in *In re Shannon R.*, 461 A.2d 707 (Me.1983), where conflicting testimony had to be tested by a similar "clear and convincing" standard.

reinstatement of the Award of Compensation.

It is further ordered that the employer pay to the employee an allowance of $550.00 for his counsel fees, plus his reasonable out-of-pocket expenses for this appeal.

All concurring.