## Kenneth MILLS

v.

## TRAVELERS INSURANCE COMPANY.

Supreme Judicial Court of Maine.

Argued Nov. 13, 1989.
Decided Dec. 13, 1989.

---

Sheldon J. Tepler (orally), Hardy, Wolf & Downing, Lewiston, for plaintiff.

Stephen Whiting (orally), Hewes, Douglas, Whiting & Quinn, Portland, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

GLASSMAN, Justice.

Kenneth Mills appeals from a summary judgment for Travelers Insurance Company (Travelers) entered in the Superior Court (Oxford County, *Perkins, J.*) contending that on the undisputed facts of this case Travelers, the workers' compensation liability carrier for Mills' employer, is subject to a common law action for negligence. We affirm the judgment.

On June 1, 1984 Mills suffered certain work-connected injuries while operating a carding machine located at the Oxford plant of Robinson Manufacturing Co. (Robinson), where Mills was employed, for which he received benefits pursuant to the Workers' Compensation Act, 39 M.R.S.A. §§ 1–195 (1989). At that time, Travelers was the workers' compensation liability insurer of Robinson. Travelers' contract with Robinson provided in pertinent part:

### A. Inspection

We have the right, but are not obligated to inspect your workplaces at any time. Our inspections are not safety inspections. They relate only to the insurability of the workplaces and the premiums to be charged. We may give you reports on the conditions we find. We may also recommend changes. While they may help reduce losses, we do not undertake to perform the duty of any person to provide for the health or safety of your employees or the public. We do not warrant that your workplaces are safe or healthful or that they comply with laws, regulations, codes or standards. Insurance rate service organizations have the same rights we have under this provision.

Over a period of twenty years, Travelers had periodically conducted inspections of Robinson's Oxford plant.

In January 1988 Mills filed an action against Travelers seeking damages for the injuries he had sustained on June 1, 1984. By his complaint he alleged that his injuries were caused by Travelers' failure to properly inspect the carding machine to determine whether it was safe to use or failure to apprise Robinson or Mills of the dangers of the machine. By its answer, Travelers asserted as an affirmative defense the exclusivity of the Workers' Compensation Act as a bar to the action and filed a motion for a summary judgment pursuant to M.R.Civ.P. 56. After a hearing on Travelers' motion, the trial court held that inspections by Travelers were integral to its function as the workers' compensation carrier and that as a matter of law the exclusive remedy provisions of the Workers' Compensation Act barred Mills' action against Travelers. Accordingly, a summary judgment was entered for Travelers from which Mills appeals.

Maine Rule of Civil Procedure 56 is intended to permit the prompt disposition of cases when, as here, the dispute is solely dependent on the resolution of an issue of law. *Tisei v. Town of Ogunquit*, 491 A.2d 564, 568 (Me.1985); *Magno v. Town of Freeport*, 486 A.2d 137, 141 (Me.1985); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.1 (2d ed. 1970).

The purpose of the Workers' Compensation Act is "to provide compensation for loss of earning capacity from actual or legally presumed incapacity." *Leo v. American Hoist & Derrick Co.*, 438 A.2d 917, 922 (Me.1981); *see also Ladner v. Mason Mitchell Trucking Co.*, 434 A.2d 37, 40 (Me.1981). The Act "eliminate[s] litigation and transfer[s] the burdens resulting from industrial accidents from the individual to the industry and finally to distribute it on society as a whole." *Brown v. Palmer Construction Co.*, 295 A.2d 263, 265 (Me. 1972); *see also Scott's Case,* 117 Me. 436, 444, 104 A. 794, 797 (1918). When a worker is injured in the course of his employment, he receives compensation benefits regardless of fault. As a quid pro quo, the injured employee "waive[s] his right of action at common law to recover damages for the injuries sustained by him...." 39 M.R.S.A. § 28 (1989). The employer thus enjoys immunity from actions at common law. *Id.* § 4. The entitlement to compensation benefits does not bar an action by an employee against a negligent third party. *Id.* § 68.

39 M.R.S.A. § 2(1) provides that "[i]f the employer is insured, the term 'employer' includes the insurer *unless the contrary intent is apparent from the context or is inconsistent with the purposes of this Act." Id.* Whether a compensation carrier is immune from suit under this section depends on the facts of each particular case, and any holding is necessarily limited to those stated facts. *Procise v. Electric Mut. Liability Insurance Co.,* 494 A.2d 1375, 1382–83 (Me.1985); *see generally Gibson v. National Ben Franklin Insurance Co.,* 387 A.2d 220, 222 (Me.1978).

Travelers' contract with Robinson Manufacturing Co. gave Travelers the discretionary right to inspect the Oxford plant at any time and included an explicit disclaimer stating that the insurer did not warrant the plant's safety. Mills contends that such inspections fall outside the scope of Travelers' duties as a compensation carrier. He argues that the function of Travelers is to be a guarantor and supply benefits, not perform inspections; and when it did perform inspections, Travelers stepped outside its role as an insurer and consequently outside the immunity granted by its identification with the employer pursuant to 39 M.R.S.A. § 2(1).[1] We disagree.

The insurer's role must be larger than merely collecting premiums and paying benefits. To set premiums, or even to insure the employer in the first instance, the carrier must determine the risk involved in insuring an employer's place of business. Such safety inspections are "not motivated by an altruistic feeling toward workers, since it is to the financial advantage of the insurance carrier to reduce accidents...." *Brown v. Travelers Insurance Co.,* 434 Pa. 507, 254 A.2d 27, 30 (1969). The purpose of these inspections by Travelers is not meant to protect individual workers, though they may have this indirect effect should Robinson undertake to implement recommended changes. Accordingly, the trial court properly found that the safety inspections were integral to Travelers' function as a compensation carrier and this activity did not remove Travelers from its identification with the employer pursuant to 39 M.R.S.A. § 2(1). Limited to the undisputed facts of this case, we hold that Travelers is immune from this third-party negligence action.

The entry is:

Judgment affirmed.

All concurring.

---

1. Over the last thirty years, many injured employees have initiated third-party actions against compensation carriers for alleged negligent safety inspections. Invariably, the suits involve construction of particular state immunity provisions and whether and to what extent the statute in question identifies the insurance carrier with the employer. Because there are wide differences among various state compensation statutes, there is no "majority rule" on this question. 2A A. Larson, *The Law of Workmen's Compensation* § 72.91, at 14–308—14–309 (1989). The case law from other states cited by Mills in his brief in support of this action is thus of limited value.