Arlene **DOREY**

v.

**FORSTER MANUFACTURING COMPANY.**

Supreme Judicial Court of Maine.

Argued March 7, 1991.

Decided May 15, 1991.

Jeffrey R. Burns and Susan E. Kelley (orally), Preti, Flaherty, Believeau & Pachios, Rumford, for employee.

Samuel Rudman and Barbara A. Carlin (orally), Black, Lambert, Coffin & Rudman, Portland, for employer.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, COLLINS and BRODY, JJ.

ROBERTS, Justice.

Forster Manufacturing Company appeals from the decision of the Appellate Division reversing the denial by the Workers' Compensation Commission of Arlene Dorey's claim to compensation for an injury that occurred when she returned to her place of employment to obtain medical information and to inquire about the availability of light duty work. We vacate the decision of the Appellate Division.

## I.

Dorey worked for Forster from 1962 until March, 1985 when she suffered an injury for which she sought workers' compensation. Forster contested her claim to these benefits and filed a notice of controversy. Before the Commission held an informal conference on her claim, Dorey returned to Forster to obtain some medical information for the informal conference and to inquire about obtaining light duty work at Forster. As she was leaving Forster, a concrete step gave way beneath her and she broke her right foot. This latter injury constitutes the basis of the present appeal.

■ The Commission found that the injury to Dorey's foot was not work related. In its opinion, however, the Commission addressed this injury only in paragraphs 11 and 12 that stated:

11. On May 12, 1985 Ms. Dorey returned to Forster's to look for light duty work and to pick up medical information for an informal conference for which she was scheduled to attend. On her way out of the building, she slipped on a broken step and fell, breaking her right foot. She seeks Workers' Compensation benefits for this injury as well.

12. Having evaluated this injury in light of the factors enumerated in *Comeau v. Maine Coastal Services*, 449 A.2d 362

(Me.1982), the Commission is satisfied that Ms. Dorey's ankle injury did not arise out of or in the course of her employment with Forster's Manufacturing Company, Inc.

Dorey then filed a request for further findings. Pursuant to this request, the Commission stated that:

The initial Commission decision contains separate Findings of Fact and Conclusions of Law which provide an adequate foundation for Appellate review. *See* 39 M.R.S.A. § 99. No further or more detailed findings are necessary in the circumstances of this case. *See Parent v. Great Northern Paper Co.*, 424 A.2d 1099, 1100–1101 (Me.1981)....

On appeal, the Appellate Division reversed, concluding that the "*Comeau* factors were satisfied" and that Dorey's injury arose out of and in the course of her employment. Forster appeals this ruling of the Appellate Division, arguing that the real issue we must address is whether there was a rational foundation for the Commission's conclusion that Dorey's foot injury did not arise out of or in the course of her employment at Forster. Dorey counters that we should accord deference to the decision of the Appellate Division. We agree with Forster because the Commission's weighing of the circumstances relating to work-connection must be affirmed unless arbitrary or without rational foundation. *Comeau v. Maine Coastal Services*, 449 A.2d 362, 368 (Me.1982).

## II.

■ Parties to workers' compensation cases are not entitled to a *de novo* review at each stage of the appellate process. The nature of workers' compensation creates numerous fact-specific situations that require more than simple application of undisputed facts to unambiguous law. This often complex task is entrusted to the Commission, and appellate review must recognize the exercise of judgment in making these determinations as well as the fact-finding advantage of the Commission. In accord with this deference for the Commission's decision, we limit ourselves to a "nar-

row" review of the Commission's "conclusions if they are supported by competent evidence." *Dunton v. Eastern Fine Paper Co.*, 423 A.2d 512, 517 (Me.1980). In essence, this permits appellate reviewers to upset the decision of the Commission only if it can be shown that the Commission did not have a rational basis for its application of law to the facts.

In this case, as in *Comeau*, the historical facts are undisputed. We are presented only with the question whether the Commission erred in applying the "arising out of and in the course of ... employment" language of 39 M.R.S.A. § 51 to the facts of this case. In contesting this issue, both parties rely heavily on our opinion in *Comeau* where we stated the purpose of the coverage formula in section 51 is to separate those losses that can properly be said to be a consequence of industrial activity from those losses that are a consequence of life in general. *Comeau*, 449 A.2d at 366; *Barrett v. Herbert Engineering, Inc.*, 371 A.2d 633, 636 (Me.1977). *See also* 1 *A. Larson, Workmen's Compensation Law* § 6.

In conducting such inquiries, it is not always possible to draw clear lines delineating what constitutes "in the course of" or "arising out of" employment. The analysis proceeds on a case-by-case basis, weighing each fact situation to decide whether the totality of circumstance make the activity employment-related. *Comeau*, 449 A.2d at 367. These cases fall on a continuum ranging from cases involving injuries that are clearly work-connected to cases involving injuries clearly falling outside the employment relationship. Although *Comeau* set forth some of the factors that we had previously considered in determining where on the continuum a particular case may lie, we must emphasize that the *Comeau* factors are *not exclusive*. Frequently other factors must be considered in determining whether an injury is work-related. Moreover, some of the *Comeau* factors may be of little relevance in a particular case.

One critical factor in determining whether the injury occurred "in the course of employment" is whether the activity was "implied into the contract of employment." *Moreau v. Zayre Corp.*, 408 A.2d 1289, 1293 (Me.1979). In the instant case, Dorey was incapacitated from doing her job when she returned to Forster. She was still officially employed at Forster and the company was actively contesting her compensation claim. The retrieval of medical documents was not, however, to further Dorey's medical treatment but, rather, to have the documents available at an informal meeting regarding Dorey's claim against the company.[1]

Although Dorey was on the premises of the employer and injured by an employer-caused defect, the Commission rationally could have found that the connection to her employment was too attenuated to consider the injury work-related. Neither party argues that Dorey's presence on the employer's premises was essential for any reason. In these circumstances we cannot say that the Commission erred in placing the activities that led to Dorey's injury on that part of the continuum not encompassed within the terms "arising out of and in the course of ... employment" as required by section 51. We also conclude that the Appellate Division exceeded its role as a review panel and conducted a *de novo* review of Dorey's claim. We therefore vacate the decision of the Appellate Division and direct affirmance of the decision of the Commission.

The entry is:

Decision of the Appellate Division vacated.

Remanded with instruction to affirm the Commission.

It is further ordered that the employer pay the employee $750 for her attorney fees plus her reasonable out-of-pocket expenses for this appeal.

McKUSICK, C.J., and WATHEN, GLASSMAN and BRODY, JJ., concur.

---

1. Several state courts have found that activities involved in pursuing a compensation claim against an employer do not promote the interests of the employer, and do not arise from or in the course of employment. *See, e.g., Hendrickson v. George Madsen Construction Company*, 281 N.W.2d 672, 675 (Minn.1979).

COLLINS, Justice, concurring in the result.

I write separately to express my reservations about the Court's standard of review. I do not agree with the Court's suggestion that the Commission's weighing of the circumstances relating to work-connection must be affirmed unless arbitrary or without rational foundation.

The facts of this case are undisputed, and thus the question is one of law. The Commission stated without explanation or analysis that "in light of the factors enumerated in *Comeau v. Maine Coastal Services,* 449 A.2d 362 (Me.1982) ... Ms. Dorey's ankle injury did not arise out of or in the course of employment with" Forster. The Commission then denied Ms. Dorey's request for further findings of fact and conclusions of law, citing our decision in *Parent v. Great Northern Paper Co.,* 424 A.2d 1099, 1100–1101 (Me.1981).

*Parent,* however, concerned the sufficiency of the evidence to support factual findings. Where, as here, the issue is the appropriateness of a legal conclusion, *Parent* and its progeny require the Commission to make adequate and detailed findings and conclusions. *See Ladner v. Mason Mitchell Trucking Co.,* 434 A.2d 37, 40 (Me.1981); *Gallant v. Boise Cascade Paper Group,* 427 A.2d 976, 977–78 (Me.1981). The Commission's improper denial of Ms. Dorey's request deprives us of the ability to conduct a meaningful appellate review. *See Gallant,* 427 A.2d at 977–78.

The Appellate Division reversed the Commission's decision, concluding that the *Comeau* factors were satisfied and therefore the injury was employment-related. Contrary to the Court's assertion, there is no indication that the Appellate Division engaged in *de novo* review. The Appellate Division did not examine the evidence nor the Commission's factual determinations, but instead reviewed the Commission's decision for "misconception of applicable law." *See Pomerleau v. United Parcel Service,* 464 A.2d 206, 209 (Me.1983).

The Court now vacates the judgment of the Appellate Division—not on the basis of legal error, nor even on the basis that the Commission was correct in its application of the law, but on the basis that the Commission *could* have been correct had it reached the same result by reasoning that it admittedly did not use. Even though the Appellate Division concluded that the *Comeau* factors were satisfied, the Court now reviews on the basis that "the *Comeau* factors are *not exclusive*" and therefore that the Commission could have rationally found the injury not to be employment-related—implicitly conceding, I think, that the Commission's bald conclusion that the *Comeau* factors were not satisfied is indefensible. The Court concedes that it is reviewing the Commission's decision only for arbitrariness or irrationality in the result.

But this mode of review, only for the lack of any *possible* rational basis for the Commission's decision, is one that we have rejected. In *Ladner,* the Commissioner had refused to state specific findings of fact and conclusions of law. On appeal, therefore, we remanded rather than imposing our own findings and conclusions, stating unequivocally:

> [R]ather than assume that the Commissioner made certain factual findings or applied certain legal standards, we must apply "stricter appellate review" and review only "the factual findings actually made and the legal standards actually applied."

*Ladner,* 434 A.2d at 40 (quoting *Gallant,* 427 A.2d at 977). In this case, of course, we know neither what findings the Commission made nor what standard it applied, yet the Court unhesitatingly affirms on grounds not, apparently, relied on by the Commission.

Justice Carter noted, while concurring in the result in *Comeau,* that the standard it imposed precludes meaningful appellate review. *Comeau,* 449 A.2d at 373 (Carter, J., concurring). Because we have rejected *de novo* review of issues that are committed to the Commission's technical expertise, *see Dunton v. Eastern Fine Paper Co.,* 423 A.2d 512, 514–17 (Me.1980), Justice Carter predicted that the Court would be forced to sustain the exercise of untrammeled discre-

tion by the Commission, even where the Commission does not deign to enunciate any reasoning whatever. This case, I fear, bears out his prediction.

I would vacate the decision of the Appellate Division and direct that this case be remanded to the Commission for proper findings of fact and conclusions of law, consistent with *Parent* and *Ladner,* in order that its decision might be properly reviewable on appeal.