Wayne E. SOMES

v.

FLINT LOGGING, et al.

Supreme Judicial Court of Maine.

Argued Nov. 4, 1993.
Decided Dec. 21, 1993.

---

Brian E. Swales (orally), Houlton, for plaintiff.

Paul H. Sighinolfi (orally), Bangor, for defendants.

Before ROBERTS, GLASSMAN, CLIFFORD, COLLINS and DANA, JJ.

COLLINS, Justice.

Wayne E. Somes appeals a decision of the Workers' Compensation Board denying him benefits on the grounds that his injuries did not occur in the course of or arise out of his employment with Flint Logging. Because we find that the Board misapplied the law to the facts, we vacate the decision.

Somes was hired by Flint Logging in December 1991 to work as a skidder operator in the removal of wood from land owned by Fraser Paper in the Mars Hill area. On January 13, 1992, Somes drove his three brothers, who also worked for Flint Logging, to the worksite at about 7:00 a.m. The four brothers worked in teams of two in cutting and hauling logs with the use of skidders that they leased from a third party. The cable on Somes's skidder broke around noon, about three hours after the cable on his brothers' skidder had broken. The Board found that Somes's plan was to drive his brothers home, go to the equipment store to purchase replacement cables, and return to the worksite to repair the skidders so they would be ready for work in the morning. On the way out of the woods, a large logging truck hit the pickup head on and caused Somes to suffer head and back injuries that prevent him from doing heavy physical work.

Somes filed his workers' compensation petition on February 24, 1992. After two testimonial hearings, the Board issued a decision in favor of Flint Logging finding that the injuries were not compensable in that they did not occur during the course of, nor arise out of, his employment.[1] The Board denied Somes's request for further findings of fact and conclusions of law. We granted Somes's petition for appellate review.

In reviewing a decision of the Workers' Compensation Board, we generally accept the findings of fact and examine only for errors of law. *LeBlanc v. United Eng'rs & Constructors Inc.*, 584 A.2d 675, 677 (Me. 1991). As to the issue of whether an injury is related to employment, we have stated that "the Commission's weighing of circumstances ... must be affirmed unless arbitrary or without rational foundation." *Dorey v. Forster Mfg. Co.*, 591 A.2d 240, 241 (Me. 1991). Because we determine that the Board misapplied the law and that its weighing of the circumstances was without rational foundation, we vacate the decision.

Pursuant to the Workers' Compensation Act, an employee can only collect benefits for injuries "arising out of and in the course of employment." 39–A M.R.S.A. §§ 104, 201 (Pamph.1993).[2] The purpose of this section is to "separate those losses that can properly be said to be a consequence of industrial activity from those losses that are a consequence of life in general." *Dorey v. Forster Mfg. Co.*, 591 A.2d at 242. We have previously suggested some factors that may be weighed when making a determination of work connection, including two factors that might have been dispositive in the instant case, that is, (1) whether at the time of the injury the employee was promoting an interest of the employer, and (2) whether the activity serves both a business and a personal purpose. *Comeau v. Maine Coastal Servs.*, 449 A.2d 362, 367 (Me.1982). Although we have stated that the *Comeau* factors are not to be applied mechanically, nor read as an exclusive list, *Dorey v. Forster Mfg. Co.*, 591 A.2d at 242, they do at least provide a good starting point for analyzing whether the employee's actions were work related. Of the three factors that the Board considered dispositive—(1) that the skidder did not belong to the employer; (2) that Somes was paid by the cord and not "for driving back and forth to work"; and (3) that the land on which the accident occurred was not owned by the employer—only the last could be considered relevant in this case to determine work connection. Who owned the

---

1. The issue of whether Somes was an independent contractor was not raised by the parties.

2. This language was formerly found at 39 M.R.S.A. §§ 4, 51 (1989 & Supp.1992).

skidder and how Somes was paid are not relevant factors. By relying chiefly on irrelevant factors in deciding that Somes's injury did not occur in the course of and arising out of his employment, the Board misapplied the law.

The entry is:

Decision vacated. Remanded to the Workers' Compensation Board for further proceedings consistent with the opinion herein.

All concurring.