STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-37

MARY M. REED,

Petitioner

v.

**DECISION ON APPEAL**

STATE OF MAINE,
DEPARTMENT OF PUBLIC
SAFETY, LIQUOR ENFORCEMENT,

Respondent

MAY 3 2005

This matter comes before the court on the appeal of petitioner Mary Reed from a

decision of the Department of Public Safety, Liquor Licensing Division ("Department")

awarding licensure as an agency liquor store to another applicant.[1] Preliminary

motions concerning the contents of the records have been decided, and the court has

fully considered the oral and written arguments of the parties. After consideration, the

appeal will be denied.

**Background**

In late-2003, the Department of Public Safety, Liquor Licensing Division,

advertised the availability of a full-time agency liquor store license in Unity, Maine.

The petitioner, Mary Reed, was one of three applicants, though the Department

awarded the license to Barry and Vera McCormick, d/b/a McCormick's Thriftway. On

administrative appeal, the court reviews the agency's decision directly for abuse of

discretion, errors of law or findings of fact not supported by the evidence. *Centamore v.*

---

[1] The appeal was originally filed in the District Court with jurisdiction, as specifically provided for in 28-A M.R.S.A. § 453-A(7). For some unexplained reason, the Chief Judge of the District Court, on her own motion, ordered that the appeal be transferred to the Superior Court for hearing, and this court is happy to oblige.

*Dep't of Human Services,* 664 A.2d 369, 370 (Me. 1995). In the present appeal, there is only one issue -- whether a facility operated by Waldo County Preschool & Family Services on School Street in Unity is a "school" and is located within 300 feet of the winning agency liquor store. As provided in 28-A M.R.S.A. § 351(1), the Department "may not license an agency liquor store within 300 feet of any public or private school." Department rules pick up the same 300-foot exclusion adding that the distance must be "measured in the normal course of travel." The question becomes whether the Department erred as a matter of law in granting the license to the McCormicks despite the proximity of the Waldo County facility.

The presence of the Waldo County facility was not ignored. In their application, the McCormicks indicated that the nearest school, school dormitory, church, etc. was a school that was located more than 300 feet from their store. In the "Field Inspector's Report & Agency Summary" the inspector noted that the nearest school was "Unity Elementary School 608 feet (note Waldo County Daycare 262 feet see diagram)." This report was accompanied with a diagram showing that the Waldo County Daycare would be either 262 feet or 346 feet from the McCormicks' store, depending upon whether the distance was measured to the daycare's back door or to its front door respectively. Further, during the hearing on the application, the McCormicks' attorney described the location of the store including:

> Uhm it's approximately 240 feet away from uh the front of uh uh uh a day care that's right on the corner. The day care is operated by the town uh but the building it's located in is owned by Barry [McCormick]. He is in the process of moving that, filing land on the plot adjacent to the store plot. Uhm, although obviously with winter and all that kind of stuff it's not progressing fast right this minute but they hope to do more with that by this spring. Uhm Unity's elementary school is across the street from the entrance to Plaza Drive but it's well beyond the statutory uh set back.

(Record Tab L).

Those comments were later followed up with the following exchange:

JA:     Can you tell more about the day care center?  Is that licensed by the school district or the town?

CB:     I believe it's licensed uh its' run by the town.

UNK: I think the school district.

JA:     So is it a day care or a preschool?

UNK: I think it's a day care.

JA:     You, you're not sure?

UNK: No.

JD:     And did you say that's moving or

UNK: Yes.  Uh he's putting gravel and stuff adjacent to the parking lot and he's uh 'cause it doesn't make any money for him and he's thinking about just moving it over there to expand the parking lot.

JD:     Is that already in the works of people

UNK: Uh all I can tell you is you got the gravel work started at.

There followed some questions about entrances to the store and the following statement:

TA:     And I believe the day care is licensed through the Fire Marshal's Office as a day care.

Although it is clear that both the inspectors and the Department decision-makers were aware of and considered the location of the county facility, there was no mention of that facility or its distance from the store in the Department's ultimate decision awarding the license to the store.  There was no request after the decision for findings of fact, therefore the court may infer that all necessary findings were made to support the Department's determinations if those findings are supported by evidence in the record. *Gallant v. Boise Cascade Paper Group*, 427 A.2d 976, 977 (Me. 1981).  Since there was no request for findings in the present case, the court may infer that either the Department

found that the Waldo County Daycare was not a "school" as that termed is used in the statute or that the facility either was or soon would be located beyond the 300-foot prohibited zone. There is substantial evidence of record to support either finding.

With regard to the question of what is a "school," the Department would have been justified in looking elsewhere in the statutes, such as Title 20-A for that definition, which would exclude daycare and preschool facilities. Since the petitioner did not ask the Department for further findings or clarification on this point, the court will accept that this was the definition used.

With regard to the distance involved, the evidence of record indicates that the distance between the store and the daycare facility, even if it were a school, could be between 262 and 346 feet, depending upon which door is used for the measurement. In other words, as it is presently located, it would be a close matter and a judgment call as to whether the facility was or was not within the 300 feet. Furthermore, there is substantial evidence of record that the building in which the daycare facility is located is owned by the owner of the store and that he is in the process of moving the whole building to a location beyond the 300-foot limit. It can be inferred that the Department made this finding also in support of its inferred conclusion that the 300-foot limit was not violated. In summary, there is substantial evidence to support each of the findings which it may be inferred that the Department made in making its award of the license.

In one final matter, the petitioner argues that the Department erred in considering a report from the State Fire Marshal's Office in which the daycare facility was designated. Since the petitioner had earlier successfully moved to exclude this document from the record, at least in part on the grounds that it was not a basis for the Department's decision, the petitioner is hard pressed now to successfully reverse her position. In any event, even if the Department did consider the Fire Marshall's

"daycare" designation, that information was already before the Department as the result of testimony noted above, and reliance on the report itself would not have been necessary.

For the reasons stated above, the entry will be:

Appeal DENIED. REMANDED to the Department of Public Safety.

Dated: February 25, 2005

S. Kirk Studstrup
Justice, Superior Court

Date Filed ___6/23/04___  ___Kennebec___  Docket No. ___AP04-37___

County

Action ___Petition for Review___

80C

# J. STUDSTRUP

___Mary M. Reed___                    VS. ___Dept. of Public Safety, Liquor Licensing___

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Daniel I. Billings, Esq.<br>44 Elm Street<br>P.O. Box 708<br>Waterville, Maine  04903-0708 | Michelle M. Robert, AAG<br>6 State House Station<br>Augusta, Maine  04333-0006 |

| Date of Entry | |
|---|---|
| 6/23/04 | Petition for Review with all papers, filed. Received from District Court. |
| 6/25/04 | Petitioner's Reply Memorandum in Support of her Motion to Modify the Contents of the Record, filed. s/Billings, Esq.<br>Petitioner's Reply Memorandum in Support of her Motion to Order Taking of Additional Evidence, filed. s/Billings, Esq.<br>Request for Hearing, filed. s/Billings, Esq. |
| 9/7/04 | Notice of setting of motions on 9/15/04 at 8:30 a.m. |
| 9/15/04 | Hearing had with Hon. Justice Kirk Studstrup, presiding. Tammy Drouin, CR<br>Daniel Billings, Esq. for the Plaintiff and Michelle Robert, AAG.<br>Oral arguments made to the court. Court to take matter under advisement |
| 9/17/04 | MOTION FOR ADDITIONAL EVIDENCE, Studstrup, J. (dated 9/15/04)<br>After hearing the court finds the record sufficient for review of the merits. This does not mean that the court necessarily finds facts suffi to support the agency decision. Motion is DENIED.<br>Copies mailed to attys of record.<br><br>MOTION TO MODIFY, Studstrup, J. (dated 9/15/04)<br>Document J is untitled, unclear and unexplained. Judicial notice not properly applied. ORDERED: the motion is granted and document J is ex-cluded from the record on appeal.<br>Copies mailed to attys of record. |
| 9/17/04 | Notice of briefing schedule sent to attys. |
| 10/27/04 | Petitioner's Brief, filed. s/Billings, Esq. |
| 11/24/04 | Response to Petitioner's Brief, filed. s/Robert, AAG. |
| 12/13/04 | Petitioner's Reply Brief, filed. s/Billings, Esq. |
| 1/26/05 | Hearing had on 1/6/05, Hon. Kirk Studstrup, Presiding. (No courtroom clerk)<br>Matter taken under advisement. |